REGINA McCoy, appellee, v. FRANCIS MILLER, appellant.

EDWARD H. McCoy, appellee, v. FRANCIS M. MILLER, appellant.

No. 51676.

(Reported in 136 N.W.2d 332)

June 30, 1965.

Whitfield, Musgrave, Selvy & Kelly, of Des Moines, for appellant.

Wilson, Maley & Stamatelos, of West Des Moines, and Watson, Elgin & Hoyman, of Indianola, all for appellees.

SNELL, J.—This is a consolidation of two law actions for damages resulting from a collision of two automobiles.

Plaintiffs are Regina McCoy, the driver, and Edward H. McCoy, the owner of one car.

Francis M. Miller, the owner and driver of the other car, is defendant and counterclaimant.

Plaintiff, Regina McCoy, sought damages for personal injuries. Plaintiff, Edward H. McCoy, sought recovery for damage to his car. He was not in the car at the time of the accident. Except when otherwise indicated, Regina McCoy will be referred to as the plaintiff. Defendant denied liability and counterclaimed for damage to his car.

Except as noted the testimony was without substantial controversy.

Plaintiffs live about four miles south of Norwalk on the east side of north-south highway No. 28. Two hundred eighty-nine

feet north of the center of plaintiffs' driveway there is a T intersection with a county road going west.

At about 7 a.m. on February 9, 1962, plaintiff entered highway No. 28 from her private driveway. She testified that she stopped and looked both north and south and saw no cars before entering the highway. There was evidence that she did not stop. She made a right turn and proceeded north on highway No. 28 toward the T intersection a little less than 300 feet away. She estimated her speed at five miles per hour. Witnesses for defendant estimated her speed at 20 to 25 miles per hour.

As plaintiff approached the T intersection she turned to the left to enter the road going west. She testified that she looked in her rearview mirror and saw no oncoming cars. She said her turn signals were working. Defendant and two other witnesses said they were looking and saw no signal.

There was a light snow and some snowy slush on the pavement. Visibility was good. Plaintiff said when she entered the highway she could see 1000 feet or more to the south.

Defendant was driving north on highway No. 28 approaching plaintiff's driveway from the south at about 45 to 50 miles per hour. Two passengers were riding with defendant. One of the passengers did not see plaintiff's car until it was on the highway in front of defendant's car. Defendant and the other passenger testified that plaintiff without stopping entered the highway when defendant was about 150 feet south of the driveway. When defendant saw plaintiff enter the highway he applied his brakes, decelerated and then to avoid a rear-end collision swerved to the left trying to pass. At the same time plaintiff turned to the left. Defendant's car went on the left shoulder before impact. Plaintiff admitted hearing defendant's horn as she was making the turn but this was about the time of impact. The cars collided. Injuries and property damage resulted.

At the close of the evidence the several motions of the parties for directed verdicts and to remove issues from the jury were overruled.

I. The court in nine separate instructions set forth the laws of the road and in each instance stated "a failure to comply with this provision of the law constitutes negligence."

Plaintiffs vigorously objected because each instruction was not specifically related to the claimant or claimants to whom it might relate.

It is well settled that instructions should be adapted to the record and that merely quoting the statute without relating it to the issues is insufficient. Jakeway v. Allen, 226 Iowa 13, 17, 18, 282 N.W. 374.

The specifications of negligence of each plaintiff and counterclaimant against the adverse party were specifically and separately stated.

In Instruction No. 6 in connection with the claim of plaintiff Regina McCoy the court placed on her the burden of establishing that defendant "was negligent in some particular as charged by Regina McCoy."

Instruction No. 7 sets forth her specifications of negligence and then says "* * * these are the only items of negligence which are to be considered by you in determining the plaintiff's right to recover.

"You are instructed that it is not necessary that the plaintiff prove the defendant guilty of each separate charge of negligence alleged in the petition. It will be sufficient to entitle plaintiff to recover if you find from a fair preponderance of all of the evidence that the defendant, Francis Miller, was guilty of any one of such acts of negligence * * *."

The same procedure was followed and comparable instructions given in connection with the claim of Mr. McCoy in instructions numbered 9 and 10. The same procedure was followed and comparable instructions given in connection with the counterclaim of defendant against plaintiff Edward H. McCoy. These instructions are clear and precise. We fail to see how any confusion could follow or prejudicial error result from this procedure.

II. Over plaintiffs' objection the court instructed on legal excuse in instruction No. 25 as follows:

"The Defendant, Francis Miller, claims that if it is found that he violated a statute or ordinance in the operation of his motor vehicle, that he had a legal excuse for doing so and was, therefore, not negligent. You are instructed that the burden of

proof is upon the defendant to establish a legal excuse by a preponderance of the evidence.

"By the term 'legal excuse' as applied to this case is meant: (1) Anything that would make it impossible to comply with the statute or ordinance, or (2) When the driver is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

"If you find that the defendant has violated a statute or ordinance, as submitted to you in other instructions, and that he has established a legal excuse for doing so under the above definition, then you should find the defendant not negligent for violating the particular statute or ordinance involved."

This is the applicable part of Iowa State Bar Association Uniform Instruction No. 5.7. See authorities cited thereunder. There was no error therein.

■ This was clearly a case for the giving of such an instruction. Plaintiffs charged defendant with attempting to pass on the left side of the highway within 100 feet of an intersection. This would constitute negligence unless excused. Section 321.304, Code of Iowa. As an excuse defendant claimed plaintiff entered the highway without stopping and failed to yield the right-of-way to his approaching vehicle and in approaching the nearby intersection changed her course on the highway and turned left without appropriate signal. The jury was entitled to consider whether any of these acts constituted such a legal excuse as to relieve defendant of a charge of negligence.

■ III. Each plaintiff charged that defendant and counterclaimant charged plaintiff Regina McCoy with failure to maintain a proper lookout.

Under the evidence the questions of lookout were clearly in the case. The court instructed on lookout as follows:

"The law provides that any person driving a motor vehicle on a highway shall keep a proper lookout for other persons using the highway and for all objects which might conflict with his or her use of the highway.

"By a 'proper lookout' is meant that lookout which would be maintained by an ordinarily reasonable and prudent person under the same or similar circumstances.

" 'Proper lookout' means more than merely to look straight ahead, or more than seeing the object. It implies being watchful of the movements of the driver's own vehicle in relation to the things seen and which could have been discerned or seen in the exercise of ordinary care. The duty of lookout to the rear does not require constant attention at all times, but only sufficient observation to establish an awareness of the presence of others at a time when a maneuver is contemplated which may endanger a following vehicle.

"If either of the parties, Regina McCoy or Francis Miller, failed to keep a proper lookout, such failure would constitute negligence on his or her part."

This is an instruction combining No. 5.8 and 5.8a, Iowa Uniform Jury Instructions.

That part of the instruction applicable to plaintiff as she was making her left turn at the intersection is a quotation from Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1014, 82 N.W.2d 82. The instruction was proper and applicable.

IV. The case was submitted to the jury. The jury returned verdicts for defendant and counterclaimant.

The issue before us is the propriety of the trial court's order for a new trial.

Both plaintiffs moved for a new trial. Plaintiff Edward H. McCoy also moved for judgment notwithstanding the verdict. The motions are extensive and raise all the issues involved in the trial, also failure to follow instructions and failure to administer justice.

The motion for judgment notwithstanding the verdict was overruled and there has been no appeal from that ruling.

The court in a rather extensive analysis and ruling sustained the motions for new trial. Defendant has appealed.

The court first expressed doubt that the case was properly tried and properly submitted.

The court doubted the propriety of submitting legal excuse. In Division II, supra, we have quoted the instruction given and the sufficiency of the evidence in support thereof. We have frequently, and in recent years, held that legal excuse, if supported, is a question for the jury.

In Harris v. Clark, 251 Iowa 807, 809, 810, 103 N.W.2d 215, we said:

"Striking the rear of plaintiff's car is evidence of negligence on the part of defendant. However, this does not prevent her from showing the circumstances surrounding the occurrence and if such entitles her to an instruction that she was confronted with a sudden emergency not of her own making it is the court's duty to instruct thereon." (Citations)

"The trial court was correct in submitting to the jury the issue of sudden emergency and in error in granting a new trial on the theory such instruction was not supported in the evidence." (Loc. Cit. 815)

In Pinckney v. Watkinson, 254 Iowa 144, 151, 116 N.W.2d 258, we said:

"The nature and extent of an emergency is usually a fact question to be passed upon by the jury. Of course, one who claims excuse on the ground of sudden emergency not created by his own act has the burden to prove it, but we are satisfied the evidence was sufficient to justify the submission of that issue to the jury here." (Citations)

In Mathews v. Beyer, 254 Iowa 52, 56, 57, 116 N.W.2d 477, we said:

"Further, if defendant suddenly stopped or decreased his speed in Mathews' path without giving a proper signal the jury might find Mathews was thereby confronted by an emergency not of his own making which constituted a legal excuse for his violation of any statute defendant has invoked against him. * * *

"It was for the jury to decide whether Mathews violated Code section 321.288 in not having his car under control or reducing its speed to a reasonable and proper rate when approaching the intersection, or section 321.307 in following defendant's car more closely than was reasonable and proper. Also whether, as above indicated, if there was such violation, defendant's conduct constituted a sudden emergency which furnished Mathews a legal excuse for the violation. * * *."

While the submission of legal excuse was proper it should have been amplified and related to the case by an instruction on sudden emergency. See instruction No. 5.4, Iowa State Bar Association Uniform Instructions.

V. The court commented that during the trial there were too many delays, counsel more than ordinarily contentious and the jury left to idle in the halls too many hours. The court felt that the jury was impatient and did not "respond truly to the real merits of the case."

Unnecessary delays and uncalled for contentiousness should be avoided and proper consideration given to the convenience of jurors. We are not prepared to say that delay and annoyance will cause a jury to be derelict in its duty but such things do reflect adversely on our trial system.

The crux of the ruling is that in the opinion of the trial court there were such errors and misunderstandings that in the exercise of discretion a new trial should be granted.

In ruling on motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Citations unnecessary. Rule of Civil Procedure 344(f)3.

Our court is slower to interfere with the grant of a new trial than with its denial. Rule 344(f)4, Rules of Civil Procedure.

As indicated by the cases relied on by the trial court we have gone far in upholding the discretion of the trial court, but not to the extent of approving unlimited discretion. There must be some support in the record for the court's discretion.

In the case before us there is support for the court's grant of a new trial.

VI. The court gave the standard "stock" instruction on "assured clear distance ahead". The instruction as given included a paragraph as follows:

"The laws of Iowa also provide that at the time and place, and with the motor vehicles involved in this case, any speed in excess of 70 miles per hour was unlawful."

There was no evidence of any speed by anyone in excess of 70 miles per hour.

There was nothing wrong with the instruction as an abstract statement of the law but the inclusion of the quoted paragraph without evidentiary support might generate confusion or misunderstanding in the minds of the jury. The jury might think that any speed up to 70 miles per hour was lawful.

VII. Other alleged errors needs not be discussed. The record fails to show an abuse of discretion in granting a new trial. The case is—Affirmed.

All JUSTICES concur.