**David BANGS, Appellant,**

**v.**

**Hillary G. KEIFER, Appellee.**

**No. 53854.**

Supreme Court of Iowa.

Feb. 10, 1970.

Rehearing Denied April 6, 1970.

Alfred A. Beardmore and T. A. Beardmore, Charles City, for appellant.

Larson & Carr, Charles City, for appellee.

LARSON, Justice.

The plaintiff David Bangs brought this action at law for damages as a result of an accident at a street intersection in Charles City, Iowa, on March 11, 1967. When defendant's automobile, driven with his consent by his son, failed to slow or stop before entering this stop intersection, it struck the left rear of plaintiff's automobile. Defendant pleaded legal excuse, claiming that the accelerator on his automobile unexpectedly stuck as it approached the intersection and that reasonable efforts to remedy the situation failed. Although plaintiff objected to any instruction on legal excuse, and particularly the one proposed by the court, Instruction No. 13 was given and the jury returned a verdict for defendant. Plaintiff appealed. We affirm.

Errors relied on for reversal are: (1) The court erred in submitting an instruction on legal excuse when as a matter of law the defendant's evidence showed that it was reasonably practicable for the defendant's driver to avoid violating the statutes. (2) The court erred in giving Instruction No. 13, the legal excuse instruction, in that it failed to instruct the jury that a legal excuse must be something that made it reasonably impracticable for the defendant's driver to comply with the statute or statutes, and merely instructed it that if the defendant's driver acted as a reasonably prudent man under the circumstances he would not be negligent.

I. There is no substantial dispute in the evidence. Defendant's driver admitted that he did not stop at the stop sign before entering the intersection, that he entered it at an unlawful speed of approximately 40 miles per hour, and that his car struck plaintiff's vehicle while in the intersection. His testimony, corroborated by two of his passengers, was that as he approached the intersection when about half a block or 138½ feet therefrom, he discovered that his accelerator was stuck. It also appeared when he entered that block his speed was about 15 miles per hour. At first he accelerated his speed, but as he approached the intersection and let up on the accelerator, there was no response. At this time his speed had increased to about 30 miles per hour and a light application of his brakes did not help. Concluding that his accelerator was stuck, he attempted to free it by kicking and jiggling it, but to no avail. He then discovered plaintiff's vehicle, applied his brakes hard, sliding all four of his wheels, but this did not slow his car sufficiently to avoid the collision.

On cross-examination defendant's driver admitted *if* he had thrown the car out of gear when he first discovered the stuck accelerator, or if he had at that time turned off the ignition, the brakes would have stopped his car before it entered the intersection. His passengers were not quite so sure. At any rate he did not attempt those

remedies, asserting he did not have the additional time to do so.

Appellant argues that, because of the driver's admission of several statutory violations, plus his statement that there was something he could have done to avoid the collision besides trying to free the accelerator, he was not entitled to a legal excuse instruction.

Appellee argues that from this record it appears defendant's driver had less than two seconds to act in the best and most effective way to avoid violating these statutory mandates, that although perhaps hindsight is better than foresight, it is clear the driver was faced with an emergency not of his own making, and that this is a classic example of the reasonable and proper application to our heretofore-recognized and adhered-to legal excuse doctrine.

II. Legal excuse, we have said, is a doctrine by which one seeks to avoid the consequences of one's conduct by showing justification for acts which would otherwise be considered negligent. Gibbs v. Wilmeth, Iowa, 157 N.W.2d 93, 96. This doctrine has been considered and applied by our court many times. As a result of our leading case of Kisling v. Thierman, 214 Iowa 911, 916, 243 N.W. 552, 554, legal excuse has been defined to mean (1) anything that would make it impossible to comply with the statute or ordinance; (2) anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance; (3) where the driver of the car is confronted by an emergency not of his own making and, by reason thereof, he fails to obey the statute; (4) where a statute specifically provides an excuse or exception. Baker v. Wolfe, Iowa, 164 N.W.2d 835, 838; Pinckney v. Watkinson, 254 Iowa 144, 116 N.W.2d 258; Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 138 N.W.2d 93, 10 A.L. R.3d 247; Peters v. Rieck, 257 Iowa 12, 131 N.W.2d 529; McCoy v. Miller, 257 Iowa 1151, 136 N.W.2d 332; Gibbs v. Wilmeth, supra; Yost v. Miner, Iowa, 163 N.W.2d

557; Clubb v. Osborn, 256 Iowa 1154, 130 N.W.2d 648; Winter v. Moore, 255 Iowa 1, 121 N.W.2d 82; McKeever v. Batcheler, 219 Iowa 93, 257 N.W. 567; 7 Am.Jur.2d, Automobiles and Highway Traffic, § 359, pp. 905, 906; Iowa State Bar Association's Uniform Jury Instruction No. 5.7, Legal Excuse.

A violation of statutory rules of the road or ordinances, of course, constitutes negligence per se, and to excuse such a violation the emergency must not have been caused or contributed to by the one claiming legal excuse. Gibbs v. Wilmeth, supra, and citations; Florke v. Peterson, 245 Iowa 1031, 1034, 65 N.W.2d 372, 373; Winter v. Moore, supra.

III. An emergency has been defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action, exigency, pressing necessity. Oakes v. Peter Pan Bakers, Inc., supra, 258 Iowa 447, 458, 138 N.W.2d 93, 100, 10 A.L.R.3d 247; Young v. Hendricks, 226 Iowa 211, 215, 283 N.W. 895, 898; Harris v. Clark, 251 Iowa 807, 810, 103 N.W.2d 215, 217; Yost v. Miner, supra; Band v. Reinke, 227 Iowa 458, 288 N.W. 629; Jakeway v. Allen, 227 Iowa 1182, 290 N.W. 507; Noland v. Kyar, 228 Iowa 1006, 292 N.W. 810; Fagen Elevator v. Pfiester, 244 Iowa 633, 56 N.W.2d 577; Iowa Uniform Jury Instruction No. 5.4, Sudden Emergency.

The extent and nature of an emergency is usually a fact question and, if there is substantial evidence that an emergency had developed, the jury should be instructed thereon. Yost v. Miner, supra, Iowa, 163 N.W.2d 557, 562.

IV. Appellant's first contention poses the question of whether, in the case of a sudden emergency resulting in a statutory violation, the driver of a motor vehicle must be found negligent as a matter of law unless he can show by a preponderance

of the evidence that he comes within all three of the categories recognized in Kisling v. Thierman, supra, 214 Iowa 911, 243 N.W. 552, or under the exception in the fourth category. We have not so construed this law. The claimant may choose his category. Florke v. Peterson, supra, 245 Iowa 1031, 65 N.W.2d 372.

■ Appellant's principal contention, however, is that, in order to excuse a violation of a statutory rule of the road constituting negligence per se which resulted from an emergency not of his own making, one must establish that he could do nothing "practicable" that would have avoided the violation and that the action of a reasonably prudent man in such an emergency would not be a proper issue for jury determination. We cannot agree.

We have never adopted the "practicable" approach to this problem, but have always adhered to the reasonably-prudent-man test to determine whether one acted properly in an emergency not created or contributed to by him. We have always permitted a jury to find compliance with the statute or statutes involved was impossible if he acted as a reasonably prudent man in his attempt to avoid the violation. Since to adopt the "practicable" approach here would compel a finding of negligence as a matter of law, we decline to do so.

We have consistently held, when one has not caused or contributed to the emergency facing him, he is not negligent for statutory violations if the jury finds he acted as a reasonably prudent person placed in that circumstance.

In any event, in the matter before us it is not seriously claimed that the emergency facing defendant's driver was caused or contributed to by him, nor was it something over which the driver had control which placed his car in a position contrary to the provisions of a statute or ordinance. It is clear that the statutes involved did not themselves specifically provide an excuse or exception so that this claim of legal excuse must be based upon the first category,

which would be anything that would make it *impossible* to comply with the statute or ordinance. The question of whether it was possible or impossible is generally one for the jury under proper instructions from the court. We can think of no better instructional guideline than that the acts must be those of a reasonably prudent man faced with that emergency, and hold, if we are to recognize and apply a legal excuse doctrine, it is the just and fair method to determine that fact.

Appellant relies heavily upon the case of Bush v. Harvey Transfer Co., 146 Ohio St. 657, 664, 665, 67 N.E.2d 851, 855, 856, which appears to reject the so-called common-law rule of reasonable care under the circumstances in cases involving legal excuse for violation of safety statutes. It is true, the Ohio Supreme Court said therein: "Since the failure to comply with * * * a safety statute constitutes negligence per se, a party guilty * * * cannot excuse himself * * * by showing that 'he did or attempted to do what any reasonably prudent person would have done under * * * similar circumstances.' A legal excuse * * * must be something that would make it impossible to comply with the statute * * *." Standing alone, that showing may not be sufficient, but when coupled with a showing that the emergency was not due to claimant's fault, we believe legal excuse may be established.

We considered the Ohio position in Florke v. Peterson, supra, and adopted it only so far as it related to cases where the person claiming the legal excuse did in fact cause the emergency, and then denied him the right to show that his acts in creating and seeking to avoid the violation were those of a reasonably prudent person. That is not the case at hand, and we cannot agree that it is the burden of a driver innocent of any fault in creating the emergency to also show he did *everything* practicable to avoid the statutory violation under that circumstance. In Florke v. Peterson, supra, we said at page 1036 of 245 Iowa, page 375 of 65 N.W.2d: "Plaintiff must base his

claim of 'legal excuse' upon some *one* of the four categories already enumerated * * *." (Emphasis supplied.) In that case the court found plaintiff selected the first category, that the conditions were such as to make compliance with the statute impossible. In denying the application of legal excuse there it was held that, even viewing the evidence in a light most favorable to plaintiff, the so-called emergency was *partially caused* by plaintiff's failure to observe the T-intersection ahead and that in such instance the common-law rule of reasonable care or the care which a reasonably prudent man would exercise under those circumstances was not applicable.

A careful review of the cases cited in Florke v. Peterson, supra, indicate those pronouncements relate to an attempted excuse of one not free from fault in creating the emergency. In other words, the claimant attempted to excuse his act in creating the emergency by showing that he acted as a reasonably prudent man in that situation. It seems to us there is quite a difference between that situation and this case where the emergency is created without fault of the operator.

We have said that one whose own negligence has caused or contributed to a situation which makes it impossible for him to obey the law may not rely upon such conduct as a basis for invoking the legal excuse doctrine. Whether one has established a legal excuse is usually, but not invariably, a jury question. Gibbs v. Wilmeth, supra, Iowa, 157 N.W.2d 93, 96. We held, under the circumstances there presented, it was properly submitted.

V. In its Instruction No. 13 the court here told the jury:

"The defendant claims that if it is found that Dennis Keifer violated a statute or statutes as set out in plaintiff's specifications of negligence 2, 3, and 4 in Instruction No. 1 hereof and as explained to you in Instructions 10, 11, and 12, that Dennis Keifer had a legal excuse for so doing and was therefore not negligent.

"You are instructed that the burden of proof is upon the defendant to establish the defense of legal excuse by the greater weight or preponderance of the evidence.

"By 'legal excuse' is meant that one who violates a statutory rule of the road may relieve himself from liability for damages arising from such violation by showing that he had a legal excuse for such violation.

"One such legal excuse is when the driver is confronted with an emergency not of his own making and by reason thereof fails to obey the statute or statutes.

"When one is confronted with a sudden emergency, not brought about by his own fault, and because thereof is required to act upon the impulse of the moment without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Under such circumstances he is required to act only as an ordinarily, careful and prudent person would act when suddenly placed in a similar position, and if he so acts he is not liable for injury or damage resulting from his conduct.

"As applied to this case, if you find that Dennis Keifer in the operation of his motor vehicle at said time and place violated a statute or statutes, and that because the accelerator stuck on the car he was driving so that he was confronted with a sudden emergency and he could do nothing to prevent violating the statute or statutes, then a legal excuse for violating such statute or statutes has been established and Dennis Keifer would not be negligent for violating the particular statute or statutes involved.

"If, however, you find from the evidence that Dennis Keifer after learning that the accelerator had stuck failed to act as a reasonable and prudent person under the circumstances, then the sticking of the accelerator would not be a legal excuse, and if you find he did violate a statute or statutes, such violation would be negligence."

The Iowa Uniform Jury Instruction on Sudden Emergency, No. 5.4, states:

"When one is confronted with a sudden emergency, not brought about by his own fault, and because thereof is required to act upon the impulse of the moment without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Under such circumstances he is required to act only as an ordinarily careful and prudent person would act when suddenly placed in a similar position, and if he so acts he is not liable for injury or damage resulting from his conduct."

The Iowa Uniform Jury Instruction on Legal Excuse, No. 5.7, states:

"The defendant claims that if it is found that he violated a statute or ordinance in the operation of his motor vehicle, that he had a legal excuse for doing so and was, therefore, not negligent. You are instructed that the burden of proof is upon the defendant to establish a legal excuse by a preponderance of the evidence.

"By the term 'legal excuse' is meant:

"1. Anything that would make it impossible to comply with the statute or ordinance.

"2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.

"3. When the driver is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

"4. Where the statute specifically provides an excuse or exception.

"If you find that the defendant has violated a statute or ordinance, as submitted to you in other instructions, and that he has established a legal excuse for doing so under any one of the four definitions given to you in this instruction, then you should find the defendant not negligent for violating the particular statute or ordinance involved."

■ In the case at bar it is apparent the trial court combined Iowa Uniform Jury Instructions Nos. 5.4 and 5.7 in its Instruction No. 13 and fairly and sufficiently advised the jury as to the law in this jurisdiction. In an abundance of caution Instruction No. 13A told the jury that, if it found this driver was driving at a speed in excess of the statutory speed when the accelerator stuck, he could not excuse the violation. In such instance there would be contributing fault of the driver, but the jury apparently found such was not the case here.

We are satisfied the trial court did not err in giving Instruction No. 13, that to be entitled to an instruction on legal excuse the claimant must show by a preponderance of the evidence that he comes under at least one of the four categories listed in Kisling v. Thierman, supra, 214 Iowa 911, 243 N.W. 552, that he did not cause or contribute to the emergency to avoid negligence for a statutory violation, and that after this emergency arose he acted as a reasonably prudent person to avoid the violation. We are also satisfied the "practicable" approach used in some jurisdictions is too severe and places too heavy a burden on one innocent of fault to do the best thing to avoid the violation under a penalty of being found negligent as a matter of law. Here, for instance, defendant's driver's opinion after the accident that he could have avoided the statutory violations by turning off the ignition or throwing the car out of gear should not be conclusive of his failure to do that which, to a reasonably prudent person, would seem best to avoid the statutory requirement. He should be held to no greater standard of care under that situation.

VI. A brief review of the following cases indicates our past consideration of

these questions and this court's application of the legal excuse doctrine.

In the recent case of Yost v. Miner, supra, Iowa, 163 N.W.2d 557, 562, 563, plaintiff collided with defendant on defendant's side of the road, but claimed legal excuse because just prior to the accident it was defendant who was allegedly traveling in the wrong lane. In holding plaintiff's requested instruction on legal excuse should have been given, we said: " * * * if a sudden emergency did confront him, then his duty would have been to exercise only the care of an ordinarily careful and prudent person when suddenly confronted by a like emergency when placed in a similar position. * * * 'the nature and extent of an emergency is usually a fact question and if the party urging the existence of "sudden emergency" sustains his contention by substantial evidence that such an emergency had developed * * *, the jury should be instructed thereon. (Citations.)' "

In Winter v. Moore, supra, 255 Iowa 1, 4, 121 N.W.2d 82, 83, we reiterated our view that for a sudden emergency to be an excuse for a motorist's violation of a statutory rule, *it must not have been of his own making*. Therein we found an instruction on sudden emergency was error where defendant turned into the left lane to pass a truck when her vision was obstructed by an automobile passing a second truck and she was unable to see an approaching car in time to avoid a collision.

In Gibbs v. Wilmeth, supra, Iowa, 157 N.W.2d 93, 96, we found defective a jury instruction which did not adequately advise the jury of one of the essential elements to establish sudden emergency as legal excuse, i. e., absence of fault by the one who invokes it. Therein we stated: "It is, of course, well settled that one whose own negligence has caused or contributed to a situation which makes it impossible for him to obey the law may not rely upon such conduct as a basis for invoking the doctrine. (Citations.) Whether one has established a legal excuse is usually, but not invariably, a jury question. In considering this matter the evidence is to be viewed in the light most favorable to the one asserting the existence of legal excuse. (Citations.)"

The case of Oakes v. Peter Pan Bakers, Inc., supra, 258 Iowa 447, 457, 458, 138 N.W.2d 93, 100, 10 A.L.R.3d 247, involved the collision of six motor vehicles in a snow storm. In upholding a verdict for defendants who had pleaded sudden emergency, we stated: "To constitute a legal excuse for violation of a statute, of course an emergency must not be of the driver's own making. (Citations.)" After stating the various definitions of an emergency, we said the question of whether one was without fault in bringing about an emergency generally is for the jury.

In Peters v. Rieck, supra, 257 Iowa 12, 20, 131 N.W.2d 529, 533, plaintiff was stopped at a stop sign when struck from the rear by defendant's truck. Defendant stated he was about 15 to 20 feet from the rear of plaintiff's truck when his brakes suddenly failed. The emergency brake was working, but he did not have time to use it or do anything between the time of the failure of the brakes and the impact. We upheld a jury verdict for defendant and found that the following jury instruction sufficiently informed the jury on the matter of legal excuse: "If you find that the driver * * * was faced with an emergency not of his own making and because thereof was required to act upon the impulse of the moment without sufficient time to determine with certainty the best course to pursue, he is not to be held to the same accuracy of judgment as would be required of him if he had had time for deliberation, and under such circumstances he was required to act only as an ordinarily careful and prudent person would act when suddenly placed in a similar position, and if you find that he did so act, then you may find that the defense of sudden emergency is available to him as applied to any failure on his part to take measures to avoid the collision

after he found that his brakes had failed to work."

A similar instruction was approved in Pinckney v. Watkinson, supra, 254 Iowa 144, 150, 116 N.W.2d 258, 261, and we held it was a proper matter of determination for the jury. In that case defendant came over a knoll in the road and had only three seconds to avoid plaintiff's car, which was stopped partially on the highway, with a car approaching in the other lane. The jury there was told: " * * * Accordingly, if you find that the defendant * * * was confronted by an emergency not of his own creation, and if he exercised such care as an ordinarily reasonable, prudent and cautious man would exercise when suddenly confronted by a like emergency, and placed in similar circumstances, he is not guilty of negligence *because of the result*, even though another course of conduct might have been more judicious or more safe or might have avoided the accident."

In Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597, plaintiff found his passage to the left was blocked by defendant's truck moving down the road in the same direction, and he commenced to pass on the right as defendant pulled back over. We found therein that plaintiff's failure to obey the ordinance was negligence per se and he could not claim legal excuse for his violation where it appears, *if* he had slowed his speed, he would have found the truck returning to the right side, and the emergency which arose was at least in part created by the motorist.

In McKeever v. Batcheler, supra, 219 Iowa 93, 95–96, 257 N.W. 567, 568, in dealing with the term "sudden emergency" under a revealed circumstance, we quoted with approval from 45 C.J. 710, § 92, saying: " * * * 'where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, *he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation.* * * * Accordingly, if

he exercises such care as an ordinarily prudent man would exercise when confronted by a like emergency, he is not liable for an injury which has resulted from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the injury, * * *.' "

VII. From the foregoing it appears a reversal of the judgment in this case would require a departure from our past pronouncements regarding the application of the "legal excuse" doctrine. We decline to do so and affirm the judgment rendered herein.

Affirmed.

MOORE, C. J., and SNELL, STUART, LeGRAND and REES, JJ., concur.

MASON, J., takes no part.

RAWLINGS and BECKER, JJ., dissent.