**Loretta J. ZIMMER, Administratrix for the Estate of Gary E. Zimmer, Appellant,**

v.

**MILLER TRUCKING CO., INC.; Dean Leroy Crestwell; and J & M 78/1 Limited, Appellees.**

No. 83–2216.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1984.

Filed Sept. 13, 1984.

Rehearing Denied Oct. 11, 1984.

---

David A. Stoller, Connolly, O'Malley, Lillis & Hansen, Des Moines, Iowa, Jack Supman, Lancaster, Ohio for appellant.

Theodore T. Duffield and Michael F. Lacey, Jr., Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, Iowa for appellees.

Before LAY, Chief Judge, and McMILLIAN and JOHN R. GIBSON, Circuit Judges.

McMILLIAN, Circuit Judge.

Loretta Zimmer, administratrix for the estate of Gary Zimmer, appeals from a final judgment entered in the District Court for the Southern District of Iowa upon a jury verdict in a wrongful death action in favor of Miller Trucking Co., Dean Leroy Crestwell, and J & M 78/1, Ltd. For reversal appellant argues that the district court erred in (1) granting appellees' motion in limine to exclude references to portions of Officer Baudler's accident report and (2) submitting the question of appellees' negligence to the jury by giving an instruction on legal excuse. For the reasons discussed below, we reverse and remand for further proceedings.

On February 24, 1979, at approximately 2:15 a.m., two trucks were involved in a fatal accident on a straight and level portion of Interstate 80, near Stuart, Iowa. Dean Crestwell, in the course of his employment with Miller Trucking Co., was driving a tractor-trailer owned by J & M 78/1, Ltd. Heading west on Interstate 80, Crestwell claimed that he was overcome by sudden sleepiness, which forced him to pull off the highway and park his truck on the right shoulder, at least nineteen inches clear of the traveled portion of the road. Crestwell then turned off his headlights and turned on his parking lights. He failed

to display flashing hazard lights or phosphorescent markers or flares.

The other truck involved in the accident, in which appellant's decedent, Gary Zimmer, was a passenger, was driven by Frederick Naylor. Zimmer and Naylor were truck drivers employed by Trans-fleet. While driving west on Interstate 80, Naylor's truck swerved approximately three feet off the highway and onto the right shoulder. The right front of Naylor's truck collided with the left rear of Crestwell's truck, throwing decedent, who was asleep at the time of impact, through the windshield. Gary Zimmer subsequently died of the injuries sustained in this collision.

Officer Clel Baudler, an eighteen-year veteran of the Iowa State Highway Patrol, arrived at the accident site shortly after the accident occurred. After completing his investigation of the accident, Officer Baudler prepared the required Investigating Officer's Report of Motor Vehicle Accident. Contained in the report is a section entitled, "Driver/Vehicle Related Contributing Circumstances," in which Officer Baudler wrote that Crestwell contributed to the accident by "illegal or improper parking." Officer Baudler also noted in his report that a citation was issued to Crestwell for a violation of Iowa Code § 321.366(5) (Supp. 1984), which provides in part: "It is unlawful for any person ... 5. [to] stop, park, or leave standing any vehicle, whether attended or unattended, upon ... the shoulders, or right-of-way except at designated rest areas or in the case of an emergency or other dire necessity."

At trial the primary questions submitted to the jury were whether Crestwell was negligent and, if so, whether his negligence was a proximate cause of Zimmer's injuries. The jury returned a general verdict in favor of appellees.

**1.** The district court ordered that (1) appellant caution each witness not to mention the contents of Officer Baulder's accident report, (2) Officer Baudler not testify about his opinions regarding the driver-related contributing circumstances of the collision, and (3) appellant

■ ■■ Appellant argues that the district court erroneously granted appellees' motion in limine, thereby excluding Officer Baudler's opinion about the cause of the collision.[1] Appellant claims that the accident report was admissible under Fed.R. Evid. 803(8)(C), the public records and reports exception to the hearsay rule. Under that provision the following is not excluded by the hearsay rule:

> (8) **Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances· indicate lack of trustworthiness.

Fed.R.Evid. 803(8)(C). Assuming for the purposes of argument that the accident report was properly excluded, appellant argues that Officer Baudler's opinion testimony was properly admissible as expert opinion testimony.

In granting appellees' motion in limine, the district court stated:

> In view of the statutory exception for "an emergency or other dire necessity" a factual issue is raised for the trier of fact to determine whether under the facts and circumstances in this case such emergency or dire necessity existed. Although the opinion of the patrolman might be admissible even though it embraces an ultimate issue under Federal Rule of Evidence 704, this rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702 the opinion of the expert must be helpful to the trier of the fact. In the Court's opinion, the matter to which the expert's testimony would be directed in this case is not only a mixed question· of fact and law, but

not refer to the contents of the accident report in voir dire examination, opening statement, examination of witnesses and in final argument. *Zimmer v. Miller Trucking Co.,* No. 80–175–C (S.D.Iowa Apr. 1, 1983) (order granting motion in limine).

involves an issue that the jurors, as laymen, are as capable of answering as the patrolman. The question for the jury to answer is whether the driver was faced with such an emergency or dire necessity that the statutory exception applied. The patrolman's opinion, therefore would not help the jury resolve this issue.

As in the Court's opinion the patrolman possesses no particular expertise in this area and as a jury is likely to give additional weight to the patrolman's opinion, the challenged portion of the report and opinion of the patrolman on that issue would be more prejudicial than relevant and should also be excluded under Federal Rule of Evidence 403.

*Zimmer v. Miller Trucking Co.*, No. 80–175–C, slip op. at 3 (S.D.Iowa Apr. 1, 1983) (order granting motion in limine; citations omitted).

Because the district court excluded all the expert opinion evidence pursuant to Fed.R.Evid. 701–704, we need only decide whether the evidence was properly excluded under those rules; we need not reach the question whether the accident report was otherwise admissible under Fed.R. Evid. 803(8).

Fed.R.Evid. 702 permits a qualified expert to testify in the form of an opinion if the witness' specialized knowledge will assist the jury to understand the evidence or decide a fact in issue. *United States v. Scavo*, 593 F.2d 837, 844 (8th Cir.1979). Such opinion evidence is admissible even if "it embraces an ultimate issue." Fed.R. Evid. 704. However, if the "subject matter is within the knowledge or experience of laymen, expert testimony is superfluous." *Bartak v. Bell-Galyardt & Wells, Inc.*, 629 F.2d 523, 530 (8th Cir.1980) (citations omitted). "[T]he District Court has wide discretion in its determination to admit and exclude evidence, and this is particularly true in the case of expert testimony." *Hamling v. United States*, 418 U.S. 87, 108, 94 S.Ct. 2887, 2903, 41 L.Ed.2d 590 (1974) (citations omitted).

We hold that the district court did not abuse its discretion in excluding Officer Baudler's opinion. Specialized knowledge was not necessary in this case. With the facts and circumstances of the accident before it, the jury was competent to make a decision without superfluous expert opinion evidence.

Next, appellant argues that the district court erred in submitting the issue of appellees' negligence to the jury by giving an instruction on legal excuse.[2] Appellant ar-

---

**2.** INSTRUCTION NO. 12

Plaintiff has alleged that defendant Crestwell was negligent in one or more of the following particulars:

(1) In parking on the shoulder of the highway in violation of Iowa law.

(2) In failing to display a fusee and other warning devices when parked on the shoulder of the highway, in violation of Iowa law.

(3) In failing to immediately display flashing hazard lights and in failing to place other warning devices when parked on the shoulder of the highway in violation of federal law.

Defendants concede that Crestwell was negligent in particulars 2 and 3, but deny he was negligent as claimed in the first particular. You will first decide whether Crestwell was negligent in the first particular as explained in Instruction No. 13. Then you will proceed to the question of proximate cause as set forth in Instruction No. 16. All the specifications of negligence are explained in Instructions 13 through 15, to aid you in determining whether such conduct was a proximate cause.

INSTRUCTION NO. 13

The law of Iowa provides that no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved portion, the shoulders, or the right-of-way of any highway, except in case of an emergency or other dire necessity.

A failure to comply with this provision of the law constitutes negligence.

Defendants concede that Crestwell "stopped, parked, or left standing his attended vehicle upon the paved portion, shoulder, or right-of-way of the highway." Thus, defendant Crestwell was negligent, unless defendants have established that the reason Crestwell so "stopped, parked, or left standing his vehicle" was "an emergency or other dire necessity."

The term "emergency" has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; (4) exigency; (5) pressing necessity. To be available as a defense an emergency must not be of the driver's making in whole or in part.

gues that the question of Crestwell's negligence should not have been submitted to the jury because, as a matter of law, Crestwell's sleepiness did not constitute an emergency or other dire necessity within the meaning of the statute. Appellant requested the district court to instruct the jury that Crestwell was negligent per se for parking on the shoulder of the highway.[3] The district court rejected the proposed instruction. The jury was, however, instructed that Crestwell was negligent in failing to display the required warning signals.

▮ Under Iowa law, legal excuse "is a doctrine by which one seeks to avoid the consequences of one's conduct by showing justification for acts which would otherwise be considered negligent." *Bangs v. Keifer,* 174 N.W.2d 372, 374 (Iowa 1970) (citations omitted). The legal excuse doctrine is applicable if (1) it is impossible to comply with a statute or ordinance; (2) by forces beyond the driver's control, the vehicle is placed in a position contrary to the provisions of the statute; (3) the driver is confronted by an emergency not of his own making and compelled not to comply with the provisions of the statute; or (4) a statute specifically provides for an excuse or exception. *Id.* The burden of proof rests with the party invoking the doctrine to establish a legal excuse by a preponderance of the evidence. *Id.* at 377.

▮ In the present case, Iowa Code § 321.366(5) specifically excuses illegal parking on the shoulder of a road in the event of an "emergency or other dire necessity." Although the statute fails to define "emergency or other dire necessity," Iowa case law defines emergency as "(1) an unforeseen combination of circumstances which calls for immediate action; (2) a per-

plexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action, exigency, pressing necessity." *Bangs v. Keifer,* 174 N.W.2d at 374 (citations omitted). Additionally, the emergency must not be of the driver's own making, either in whole or in part. *Golden v. Springer,* 238 N.W.2d 314, 321 (Iowa 1976). If there is substantial evidence that an emergency existed under these standards, then the nature and the extent of an emergency is a fact question, and the jury should be instructed accordingly. *See id.* at 321; *Bangs v. Keifer,* 174 N.W.2d at 374.

▮ Our research has revealed no Iowa cases discussing whether, under the emergency doctrine, sudden sleepiness or drowsiness excuses the violation of a traffic safety regulation. We must decide whether this condition is similar to those situations in which the emergency exception was properly submitted to the jury. We are convinced that as a matter of law no emergency or other dire necessity within the meaning of the statute existed in the present case and that the district court erroneously submitted the emergency issue to the jury.

First, the emergency must arise suddenly, unexpectedly, allowing little or no time for consideration. *See Badeaux v. Patterson Truck Line, Inc.,* 247 So.2d 875, 883 (La.Ct.App.1971) (one and one-half minutes between the appearance of the "emergency" and the accident not considered "sudden"). Crestwell testified that he noticed that he was sleepy at least five minutes before he actually decided to pull off the highway. During that five-minute time period, Crestwell drove past an exit which led to a hotel, visible from the highway. After Crestwell pulled onto the shoulder, he slept in the driver's seat until he was awakened

---

The phrase "dire necessity" should be given its ordinary meaning.

**3.** The law of Iowa provides that upon any fully controlled access highway, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved portion, the shoulders, or the right-of-way except at designated rest areas or in case

of an emergency or other dire necessity. A failure to comply with this provision of law constitutes negligence.

You are instructed that on February 24, 1979, prior to the collision, Defendant Dean Crestwell was negligent in failing to comply with this provision of law.

Proposed Instruction No. 4.

by a passing truck which shook his vehicle. Deciding he was still too sleepy to drive, he took off his clothes and climbed into his sleeper berth. He had been asleep in his parked truck for approximately three hours prior to the collision. Crestwell had several opportunities to obviate the emergency. We believe the time between the alleged emergency, i.e. drowsiness, and the collision was too attenuated to be considered sudden.

In addition, the emergency must not be in whole or in part of Crestwell's own making. *See Bangs v. Keifer,* 174 N.W.2d at 374 (stuck accelerator constitutes an emergency not created or contributed to by driver); *Florke v. Peterson,* 245 Iowa 1031, 65 N.W.2d 372, 376 (1954) (driver's failure to observe intersection ahead created the alleged emergency). Crestwell's own deliberate conduct exacerbated the dangerous situation created by his sleepiness. Crestwell drove past the Stuart exit despite the onset of drowsiness and later decided to undress and sleep in the berth rather than move the truck to a safer, more suitable location. It is clear that the alleged emergency was at least partially created by Crestwell. Appellees' evidence, considered in the light most favorable to their position, failed to generate a jury question that Crestwell's drowsiness created such an emergency that would constitute a legal excuse for appellees' illegal parking on the shoulder of the road.

Appellees also argue that even if drowsiness is not an emergency, under the statute "other dire necessity" is an excuse distinct from emergency; drowsiness can be considered a dire necessity and therefore the excuse issue was properly submitted to the jury. We disagree. Although research has revealed no cases defining "other dire necessity," [4] we believe that, like emergency, this excuse also requires an immediate, unpremeditated response to an urgent situation: "Another valid excuse is that of emergency, as where

one drives on the left because the right is blocked, or a child dashes onto the street or there is any other *real necessity.*" W. Prosser, Law of Torts 199 (4th ed. 1971) (footnotes omitted; emphasis added). As we have already discussed, Crestwell was not confronted with a situation where he had no alternative but to pull onto the shoulder of the road. He deliberately bypassed a highway exit despite his drowsiness. Appellees have not demonstrated that Crestwell's election to pull off of the highway was a dire necessity. The district court, therefore, erred in submitting the legal excuse question to the jury. The district court should have instructed the jury that Crestwell was negligent as a matter of law in parking on the shoulder of the highway.

Because the jury returned a general verdict in favor of appellees and may have found Crestwell's negligence was legally excused, we must reverse and remand for further proceedings. On remand the remaining liability issue for the trier of fact is proximate cause.

Accordingly, the judgment is reversed and the case remanded for further proceedings consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

I am in agreement with the court's opinion today that the district court did not err in excluding Officer Baudler's opinion testimony. I respectfully dissent, however, with respect to its holding that Crestwell was negligent as a matter of law in parking his truck on the shoulder of the road.

The court's opinion makes plain that we have a novel question that has not been decided by Iowa courts or for that matter by courts in any other jurisdiction. On doubtful questions of state law I would give great weight to the experienced district judge's interpretation of the statute. *Orlando v. Alamo,* 646 F.2d 1288, 1290 (8th Cir.1981). The instruction fully in-

---

**4.** Submitting the issue to the jury, the district court instructed the jury to give the words "oth-

er dire necessity" their ordinary meaning.

forms the jury on the meaning of emergency or dire necessity, and the definition includes exigency and pressing necessity. I cannot conclude that Crestwell's culpability in passing an exit on the freeway and shortly thereafter determining that he was so sleepy that he should pull over to the side of the road is such a clear issue that it should be determined as a matter of law. Iowa courts have held that the nature and extent of an emergency is usually a question of fact to be passed on by the jury. *Pinckney v. Watkinson*, 254 Iowa 144, 116 N.W.2d 258, 262 (1962), *quoted in McCoy v. Miller*, 257 Iowa 1151, 136 N.W.2d 332, 337 (1965). Accordingly, I believe that the issue was properly submitted to the jury and that the court today errs in setting aside the verdict on a ground properly left for jury consideration.

There is another even more compelling reason for affirming the judgment. Instruction 12, while specifically submitting parking on a shoulder in violation of Iowa law as an issue for jury determination, contains two additional grounds of Crestwell's negligence, failure to display a fusee or other warning device when parked on the shoulder and failure to immediately display flashing warning lights or other devices when parked on the shoulder. The instruction clearly stated that these latter issues had been conceded by defendants and told the jury to decide the contested issue and then proceed to the question of proximate cause.

In such circumstances, where the defendant concedes negligence in two respects, a verdict for this party can mean only that the jury determined that there was no proximate cause. The fact that one other issue could have been found to establish a third ground of negligence (and may actually have been so found, though the disposition is not apparent because a general verdict was returned) does not defeat the fact that the other two instances of negligence were conceded. The proximate cause instruction is based essentially on a submission of the sole cause of the accident and injuries, regardless of the ground of negligence, being that of the driver of the

moving vehicle in which Gary Zimmer was riding. I can only conclude that the jury followed the instructions and determined that there was no proximate cause between any negligence, contested or admitted, of the defendants and the death of the passenger in the moving truck. If the district court erred in its instructions on parking on the shoulder of the highway in violation of Iowa law, such error, in view of the clear statement of admitted issues in Instruction 12, is harmless, and the judgment should be affirmed.