279 So.2d 802 (1973)
Ada Faye WHITEHEAD et al., Plaintiffs-Appellants,
v.
Lacy CRUSE, Individually and as Administrator of the Estate of his minor son, Fred C. Cruse, and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 12119.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1973.
Rehearing Denied June 28, 1973.
Writ Refused August 31, 1973.
McCollister, Belcher, McCleary & Fazio, by Neil H. Mixon, Jr., Baton Rouge, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh, by R. L. Davis, Jr., Monroe, for defendants-appellees.
Before PRICE, HEARD, and HALL, JJ.
En Banc. Rehearing Denied June 28, 1973.
PRICE, Judge.
This is a wrongful death action brought by the four children of Benjamin Thomas *803 Roberts against Lacy Cruse, individually and as Administrator of the estate of his minor son, Fred Cruse, and the liability insurer of the Cruse vehicle, State Farm Mutual Automobile Insurance Company.
Roberts was a guest passenger in the automobile being driven by Fred Cruse which was involved in a one car accident resulting in Roberts' death. The accident occurred about ten miles east of Winnsboro on Louisiana Highway No. 128 at about 11:25 p.m. on August 20, 1971. This is a two-lane blacktop highway with shoulders of gravel overgrown with grass. The road surface was wet from light rain that had fallen throughout the day.
Plaintiffs contend the accident was caused by the negligence of Fred Cruse in driving at an excessive speed under the existing conditions, failing to keep his vehicle under proper control, and driving with defective brakes. Defendants claim that Fred Cruse was faced with a sudden emergency when a large dog, suddenly and without warning, ran in front of his automobile, causing him to take evasive action which resulted in his losing control of the automobile and the ensuing accidental death of Roberts.
The trial judge found no negligence on the part of Fred Cruse as he concluded Cruse was confronted with a sudden emergency not of his own making and reacted as any normal or reasonable person would have reacted under the circumstances. Plaintiffs have appealed from the judgment rejecting their demands.
In brief to this court appellants take issue with the following findings of the trial court: that there was sufficient proof of the presence of the dog; that Cruse was not driving at an excessive speed under prevailing weather conditions; that Cruse was not operating a vehicle with defective brakes with knowledge of this condition; and assuming a dog did run onto the highway, that there was sufficient proof the animal suddenly ran into Cruse's path; that the presence of a dog in the highway amounts to a sudden emergency justifying or excusing a motorist traveling at a speed over 50 miles per hour to drive onto the shoulder to avoid striking the dog.
Besides the decedent there were three other persons riding as guest passengers in the Cruse automobile. Their testimony was corroborative of the version of the accident given by Fred Cruse. He testified he was driving at between 55 and 60 miles per hour when he observed at a distance of five or six car lengths ahead the eyes of an animal just to the right of the road. After he removed his foot from the accelerator, the animal ran into the road at an angle and he then realized it was a large dark colored dog. To avoid striking the dog, he drove his vehicle partially onto the right shoulder of the road. As he returned his vehicle to the roadway he touched his brakes lightly and the automobile began skidding out of control. The automobile struck a tree on the left side of the highway.
The passengers other than Roberts did not receive any serious injuries. All of these parties acknowledged seeing the dog and from their testimony we conclude the dog ran suddenly into the path of Cruse. None of these witnesses contradicted Cruse's testimony regarding his estimate of speed.
The most serious issue raised by appellants is whether the sudden appearance of a dog in the road amounts to a sudden emergency justifying a driver traveling at approximately 55 miles per hour to drive partially onto the shoulder of the road to avoid hitting the dog.
The driver of a motor vehicle who is confronted with a sudden emergency or danger not of his own making and to which he did not contribute, will not be held liable for error of judgment committed by him in the emergency providing he exercises ordinary prudence and reasonable care under the circumstances. Odom v.
*804 Texas Farm Products Co., 229 So.2d 118 (La.App. 2d Cir. 1970), and cases cited therein.
The trial judge relied on the holding in King v. Vico Insurance Company of St. Louis, 182 So.2d 135 (La.App. 4th Cir. 1966) in resolving this issue. In King a motorist in the City of New Orleans was excused of negligence under the sudden emergency doctrine for stopping suddenly to avoid striking a dog which ran into her path. In doing so her guest passenger was injured.
The dog involved herein has been described as a large animal which at first caused Cruse to believe it might be a deer. We agree with the trial judge that a normally careful person would react to avoid striking such an animal. Veering the right wheels partially onto the shoulder of the road is not an unreasonable reaction under the circumstances.
Therefore, we conclude that Cruse was confronted with a sudden emergency which would free him from liability provided he did not contribute to the danger by traveling at an excessive speed under the circumstances or by operating a vehicle with defective brakes with knowledge of this condition.
The trial judge found Cruse's speed was below the legal speed limit and was not unreasonable under the circumstances. We find no error in this conclusion. The evidence shows that although the road surface was damp or wet from prior rainfall, it was not raining at the time of the accident. There was some testimony describing small patches of ground fog resulting from the water evaporating on hot pavement but the evidence does not indicate it was of sufficient concentration to have affected visibility.
The evidence in the record does not substantiate appellants' contention Cruse was operating a vehicle with defective brakes. The brakes were inspected by an expert shortly after the accident and found to be operating properly. The vehicle involved was almost new, having been driven only some four thousand miles since its purchase. We find no merit to this contention of appellants.
During the trial of the case it was stipulated by defendants that plaintiffs were entitled to recover the sum of $1,978 under the medical payments coverage of the policy of insurance issued by State Farm. The judgment rendered rejected all of plaintiffs' demands without regard to this stipulation. Plaintiffs are entitled to this amount by virtue of the stipulation in the record.
For the foregoing reasons the judgment appealed from is amended to award plaintiffs judgment against State Farm Mutual Automobile Insurance Company for the sum of $1,978, under its contractual obligation for medical expenses. The judgment rejecting plaintiffs' claims in tort against defendants is affirmed.
Costs of this appeal are to be paid by appellants.