CRAIN, Judge.
The matter before us involves an automobile accident occurring on July 25, 1969 *917 in the City of Baton Rouge. The collision occurred on the entrance ramp leading from the southbound lane of Scenic Highway as it enters into Airline Highway. The appellant claims that she was struck in the rear by a fully loaded 1968 GMC tank truck driven by Clayton Etheridge, an ap-pellee herein. Etheridge at the time was employed by American Oil Company and was insured by the company’s insurer, Aet-na Casualty and Surety Company. The appellants filed suit for damages for property damage and personal injury alleging the negligence of Etheridge as the proximate cause of the accident. The trial court held in favor of the defendant-appel-lees and from its decision, this appeal has resulted.
Two opposing versions of the manner in which the accident occurred developed at the trial. The appellant contended that her automobile was stationed on the ramp ahead of the truck driven by the defendant-appel-lee, Etheridge. She stated that she was waiting for traffic to clear so that she could enter onto Airline Highway and that just before she accelerated the car to do so, she was struck in the rear by the Eth-eridge truck.
Etheridge testified to a completely different version of how the accident occurred. He testified that he was parked behind the appellant’s vehicle waiting for traffic to clear when the appellant pulled out onto the highway in the face of oncoming traffic. He further testified that realizing her danger, she put her car in revere and backed into the front of his vehicle. He testified that all this occurred in just a few seconds and that he was unable to take any steps to avoid the collision.
The investigating officer’s testimony was very inconclusive. He testified that the physical evidence on the scene was insufficient for him to determine how the accident occurred and for that reason he was required to look to the drivers involved for their versions. He stated that no one -received a ticket because he was simply unable to determine from the stories of the drivers and physical evidence just who caused the accident.
The defendant-appellees called a repairman, who was at the time employed by the American Oil Company, and who was sent by the company to make the necessary repairs or temporary adjustments to the truck in order to make it mobile. He testified that the right front end of the truck was damaged and the fender and bumper were bent in and engaged to the tire on the right front side of the truck. He used a crowbar to disengage the fender from the tire so that the truck could be moved. The location of debris directly under the truck’s front bumper and other physical evidence indicates that the truck did not move for any perceivable distance at the time of the collision.
The trial court confronted with such drastically different versions of the accident and also with the fact that there was no eye witness to the accident other than the drivers themselves,’ and with the absence of any physical evidence to lend credibility to either version, held that he was unable to determine in what manner the accident actually occurred. He was unable to discredit either party’s version. Faced with this dilemma, the trial court determined that the burden of proof was on the plaintiff-appellant and that the plaintiff-appellant in order to succeed in carrying its burden must prove the negligence of the defendant-appellee. This, the trial court held, the plaintiff-appellant failed to do and therefore he rendered judgment in favor of defendant-appellees dismissing plaintiff’s claims.
Appellant contends first that the. credibility of Etheridge, the defendant-driver, should have been doubted by the trial court due to certain inconsistencies arising during his testimony. It is well settled under our law that the credibility of witnesses is best judged by the trial court and that an appellate court should not disturb a trial court’s finding regarding credibility unless it proves manifestly erroneous. *918 Guillory v. Johnson, La.App., 238 So.2d 276, Elliott v. Wallace, La.App., 251 So.2d 831. The reason behind this rule is that the trial court has the best opportunity to observe the demeanor of the witness. The inconsistencies pointed out by appellant appeared to be relatively minor and irrelevant to the matters at hand. Our examination of the record does not reveal that the trial court was manifestly erroneous in accepting as credible the testimony of the defendant, Etheridge.
 The appellant further contends that Etheridge had the last clear chance to avoid the accident. Our examination of the record does not reveal any manifest error on the part of the trial court in its decision regarding the appellant’s failure to prove the negligence of the defendant-ap-pellee, Etheridge. Since there is insufficient proof to show appellee negligent, the question of his having the last clear chance is not reached.
For the reasons stated above, the decision of the trial court is affirmed, all costs to be paid by appellant.
Affirmed.