FRUGÉ, Judge.
Suit was instituted by Bobby R. Derrick and Patsy Derrick, husband and wife, for damages due to personal injuries received by Mrs. Derrick and property damages sustained in an automobile accident. The accident involved a vehicle driven by Mrs. Derrick and one driven by Mary Jean Gregory who is an unemancipated minor. Defendants in the suit are J. D. Gregory, Jr., father of Miss Gregory, and Travelers Indemnity Company. The trial court rendered judgment against both defendants in solido in favor of Mrs. Derrick for $10,000 and in favor of Mr. Derrick for $1,092.75. From this adverse judgment defendants have perfected this appeal. Plaintiffs have answered the appeal seeking an increase in the award to Mrs. Derrick. We affirm.
The facts, as essentially found by the trial court, are as follows. The accident occurred on June 23, 1973, in Pleasant Hill, Louisiana. Mrs. Derrick was driving a 1966 GMC pickup truck in a northerly direction on Louisiana Highway 175 within the corporation limits of Pleasant Hill. Her maid, Miss Vida Abercrombie, was riding with her in the truck. Mrs. Derrick had entered Pleasant Hill from the South and just prior to the accident was at a point South of Bridges Street. Bridges Street intersects the West side of Louisiana 175 forming a “T-type” intersection. For some distance North and South of this intersection there are double yellow lines on Louisiana 175. As Mrs. Derrick approached Bridges Street, Mary Jean Gregory, driving a 1970 Oldsmobile owned by her father, was approaching the intersection with Louisiana 175 on Bridges Street. Miss Gregory signalled a left turn, stopped at the stop sign and then turned onto Louisiana 175 directly in front of Mrs. Derrick. The trial court concluded that Miss Gregory “[apparently . . . . did not observe the oncoming Derrick vehicle.”
The exact distance between the two vehicles at the time Miss Gregory drove onto Louisiana 175 was not established. However, the trial court found it “conclusively established that the Derrick vehicle was so close that the entry of the Gregory vehicle onto Louisiana 175 did in fact present Mrs. Derrick with a sudden emergency situation.” Mrs. Derrick reacted by applying her brakes and swerving into the left lane to avoid running into the rear of the Gregory vehicle. Once in the left lane, Mrs. Derrick sounded her horn and accelerated her pickup in order to get around the Gregory vehicle which was proceeding very slowly. As Mrs. Derrick was attempting to pass, Miss Gregory began executing a second left turn in front of Mrs. Derrick in an attempt to turn into the driveway of her home which is 190 feet North of the “T” intersection. Mrs. Derrick (who was still in the West or left lane) again applied her brakes, skidded 20 feet, and collided with the Gregory vehicle in the West lane of Louisiana 175. She lost control of her vehicle and went off the West side of Louisiana 175 into a ditch. Her vehicle hit and jumped a culvert and came to rest some 96 feet from the end of her skid marks.
Appellants specify three errors to this court with regard to the finding of fault: (1) The trial court erred in finding Miss Gregory to be negligent; (2) the trial court erred in finding that Mrs. Derrick was confronted with a sudden emergency, and (3) the trial court erred in not finding Mrs. Derrick to be guilty of contributory negligence.
Appellants contend that Miss Gregory was not negligent in turning onto Louisiana 175 or in later turning into her driveway. At trial, Miss Gregory testified that the Derrick vehicle was approximately 800 feet from the intersection when she began her turn. This testimony, however, *685 was contradicted by Mrs. Derrick and Miss Abercrombie. They testified that the Derrick vehicle was so close to the intersection when Miss Gregory pulled out that Mrs. Derrick had to immediately apply her brakes and swerve into the opposite lane. This testimony is corroborated by the findings of Officer Barnes who investigated the accident. Officer Barnes found tire marks beginning slightly South of the intersection of Bridges Street with Highway 175 which indicated that a sharp angle turn had been made by the Derrick vehicle from the right lane into the left lane. We also note that there is no evidence suggesting that Mrs .Derrick was traveling at an excess rate of speed. To the contrary, two disinterested witnesses testified that Mrs. Derrick’s vehicle was not traveling in excess of the posted 35 m. p. h. speed limit immediately prior to the accident.
Miss Gregory also testified that she checked her rear view mirror before attempting to turn into her driveway and that the Derrick vehicle was still in its right lane. This testimony was also contradicted by that of Mrs. Derrick and Miss Aber-crombie who stated that Mrs. Derrick had swerved into the left lane to avoid an accident at the intersection, and had continued in that lane in an attempt to pass the Gregory vehicle. The physical evidence noted above also corroborates this testimony.
In Moses v. Etheridge, 288 So.2d 916, 917 (La.App. 1st Cir. 1973), the court noted :
“It is well settled under our law that the credibility of witnesses is best judged by the trial court and that an appellate court should not disturb a trial court’s finding regarding credibility unless it proves manifestly erroneous.”
Our examination of the record does not reveal that the trial court was manifestly erroneous in accepting the testimony of Mrs. Derrick and Miss Abercrombie. This is particularly true since Miss Gregory’s trial testimony contradicted her statement immediately after the accident to Officer Barnes that she had never seen the Derrick vehicle.
The law of this state is clear that “a high degree of care is placed upon a left turning motorist. . . . ” Audubon Indemnity Co. v. Liberty Mutual Ins. Co., 256 So.2d 655, 657 (La.App. 1st Cir. 1971); London v. Stewart, 271 So.2d 576 (La.App. 1st Cir. 1972). A motorist must ascertain that such a move can be accomplished in reasonable safety. La.R.S. 32:104(A). We find Miss Gregory breached this duty both in turning onto Highway 175 and in-attempting to turn into her driveway.
Appellants next contend that the trial court erred in applying the doctrine of “sudden emergency” and in not finding Mrs. Derrick contributorily negligent. The doctrine of sudden emergency
“applies to the automobile driver, who, by the negligence of another and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision or injury. He is not guilty of negligence if he makes such a choice as a person of ordinary prudence, placed in such a position, might make, even though he did not make the wisest choice. . . . The cases are all in accord that for a person to benefit by the rule he must not have done anything contributing to the emergency. . . . ” Comment, 5 La.L. Rev. 432, 452-53 (1943); also found in Malone & Guerry, Studies in Louisiana Torts Law 624 (1970).
Whitehead v. Cruse, 279 So.2d 802 (La.App. 2nd Cir. 1973) ; Odom v. Texas Farm Products Co., 229 So.2d 118 (La.App. 2nd Cir. 1969), and cases cited therein.
Mrs. Derrick was presented with a sudden emergency. As found by the trial court, the Gregory vehicle pulled out onto Louisiana 175 directly in front of Mrs. Derrick. In this situation Mrs. Derrick was “suddenly confronted by an emergency” and was “compelled to act instantly to avoid a collision.” Mrs. Derrick’s reaction *686 was to swerve into the left lane to avoid the collision. Once in the left lane she accelerated to get around the Gregory vehicle. Although she testified that she could have stopped, we do not find Mrs. Derrick’s reaction unreasonable in the situation. A person confronted with a sudden emergency has' a duty only to make a choice “as a person of ordinary prudence, placed in such a position might make, even though [not] the- wisest choice.” Comment, S La.L.Rev. 432, 453 (1943); Whitehead v. Cruse, 279 So.2d 802 (La.App. 2nd Cir. 1973). As it turns out, the wisest choice would have been to stop. However, Mrs. Derrick’s decision to attempt to pass was reasonable in the circumstances. We agree with the trial court that the doctrine of sudden emergency is applicable and that there was no contributory negligence on her part.
Appellants argue that Mrs. Derrick was contributorily negligent because she was passing in a no-passing zone and because she saw Miss Gregory’s left turn signal. As established above, Mrs. Derrick was in the left lane only because of the sudden emergency created by Miss Gregory. Furthermore, Mrs. Derrick thought the turn signal was still on from Miss Gregory’s turn onto Louisiana 175 from Bridges Street. Miss Gregory testified that she turned her signal back on immediately after that turn. Thus, the signal was on continuously. Under the circumstances of the sudden emergency, we do not think that Mrs. Derrick’s assumption was unreasonable. We do not find her contributorily negligent.
QUANTUM
Appellants contend that the trial court made an excessive monetary award to Mrs. Derrick which should be reduced. Appel-lees, on the other hand, have answered the appeal asking that the award be increased.
There is no dispute as to the findings of the trial court with regard to the nature and extent of the injuries suffered by Mrs. Derrick. Dr. C. E. Poimbocuf saw Mrs. Derrick at the scene of the accident. He testified that she could not move her legs and complained of severe pain. She remained in the hospital from June 28 until July 10. During this time she was administered various pain-relieving drugs.
Mrs. Derrick suffered contusions in her right knee. The doctor testified that she should have recovered from this in two or three weeks. X-rays disclosed a fracture in the eleventh thoracic vertebra. Dr. Don H. Burt, an orthopedist, testified that the fracture amounted to a thirty per cent compression or forward wedging of this vertebra. Dr. Burt rated Mrs. Derrick as having a permanent partial disability of fifteen per cent of her body as a whole, with a twenty per cent chance of continued pain. He speculated on possible surgery but concluded that he would not expect Mrs. Derrick to need further neurological treatment.
Both appellants and appellees have cited cases in brief in which similar injuries have been sustained. The great differences in awards in these cases show the difficulty in determining a proper remedy for the type of injury here involved. In these circumstances we can find no reason to disturb the award granted by the trial court. In the assessment of damages much discretion is left to the trial court. La. Civil Code, art. 1934(3). Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967) ; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellants.
Affirmed.