INGRAM, Justice.
Martha A. Johnson sued Ruth P. Mitchell for damages for personal injuries sustained by Johnson when their automobiles collided. Mitchell raised the sudden emergency doctrine as a defense. The jury found for Mitchell. The trial judge granted Johnson’s motion for a new trial, and Mitchell appealed. The dispositive issue is whether the sudden emergency doctrine is applicable to the facts of this case, and, if so, whether the trial court erred in granting Johnson a new trial.
This case involves rear-end collisions between four vehicles; all were headed north on Hermitage Drive in Florence, Alabama, between 4:30 and 5:00 in the afternoon. It had been raining and the road was wet. Two cars were stopped in the road immediately beyond the crest of a hill. A third car crested the hill. The driver of the third car attempted to stop, but hit the car in front of him. The driver of this third vehicle is not a party to this action, but he testified as a witness at trial. Next, Johnson crested the hill, saw three cars stopped in the road, and applied her brakes, but was unable to stop, and her vehicle hit the car in front of her. Soon thereafter, Mitchell crested the hill and applied her brakes, but could not avoid hitting Johnson’s car. Johnson sustained injuries as a result of the accident. The testimony at trial indicated that the three drivers were not able to see a car stopped in front of them until after they had crested the hill. The testimony also showed that Mitchell was traveling within the posted speed limit.
Mitchell raised the sudden emergency doctrine as a defense at trial. Johnson had objected to the use of this doctrine, by filing *239 a motion in limine before trial; the judge overruled that motion. In her new trial motion, Johnson argued that the judge improperly charged the jury on the sudden emergency doctrine.
We decline Johnson’s request to abolish the sudden emergency doctrine, a request that we most recently declined in Nichols v. Elixer Industries, 613 So.2d 1259, 1260 (Ala.1993).
The standard applicable to a new trial motion is whether the jury verdict was against the great weight and preponderance of the evidence. Jawad v. Granade, 497 So.2d 471 (Ala.1986). An order granting a new trial shall be reversed when on review it is perceivable that the jury verdict is supported by the evidence. Id., at 477.
Reviewing the testimony at trial, we conclude that the sudden emergency doctrine is inapplicable to the facts of this case; therefore, the trial judge properly granted Johnson a new trial. Mitchell testified at trial that before she crested the hill she neither slowed down nor applied her brakes and she was traveling at a speed that, given the road conditions, did not allow her to stop. It was only after she crested the hill and saw the cars stopped in the road that she applied her brakes. According to Mitchell’s own testimony, when she hit Johnson’s vehicle, she was breaching the duty of having her vehicle under her control. This Court has long held that one who has by his or her own conduct brought about a suddemperil may not invoke as a defense the sudden emergency doctrine. Glanton v. Huff, 404 So.2d 11, 13 (Ala.1981); Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967).
We conclude that, but for the erroneous instruction, it is not “perceivable” that the verdict was supported by the evidence. Jawad. Accordingly, the order granting a new trial is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and COOK, JJ., concur.