Betty J. MOSELL and Lester Mosell,
Plaintiffs–Appellees,

v.

The ESTATE OF Leonard MARKS,
Defendant–Appellant.

No. 93–0848.

Court of Appeals of Iowa.

Oct. 25, 1994.

---

Mark J. Wiedenfeld of Wiedenfeld Law Office, Des Moines, for appellant.

Joseph G. Bertogli, Des Moines, for appellees.

Heard by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

In a personal injury action arising from an automobile accident, defendant appeals a judgment entered on a jury verdict awarding damages to plaintiffs. Defendant contends the district court erred in failing to instruct the jury on the sudden emergency instruction; in submitting improper negligence instructions; and in failing to grant a new trial due to excessive damages. We reverse.

Leonard and Donald Marks resided in Nebraska. During the Christmas holidays in 1986, they visited their four brothers living in the Des Moines area. On December 27, 1986, near dusk, Leonard Marks was driving eastbound on Army Post Road (U.S. Highway 5) southeast of Des Moines from one brother's home to another's. Donald was a passenger in the car.

Leonard entered Army Post Road at Southeast 36th Street and headed east. A deer-crossing sign is posted on Army Post Road west of Southeast 36th Street. The Marks did not pass the sign between the time they entered the road and the time of the accident.

A deer bounded from the north and ran in front of Marks' car. In an unsuccessful attempt to avoid the deer, Leonard Marks steered left and applied his brakes. The Marks' car then slid across the center line and collided with a westbound pickup truck driven by Betty Mosell. Leonard and Donald were killed in the accident. Betty Mosell was injured.

Betty Mosell filed a petition against Leonard Marks' estate seeking damages for her injuries. Mosell's husband sought recovery for loss of consortium and damage to his vehicle. The case proceeded to a jury trial, and a verdict was rendered in the estate's favor. On appeal from final judgment, the court of appeals reversed based on an admission of improper expert testimony.

On retrial, Betty presented evidence regarding her injury, a cracked heel bone; loss of earnings; and pain and suffering she sustained as a result of the accident. Her medical expenses totaled $1,606.61. The trial court refused to instruct the jury on the sudden emergency doctrine, concluding that doctrine was subsumed in comparative fault. The court also refused to amend its proposed negligence instruction to include language taken from Iowa Uniform Jury Instruction 600.75. The court then submitted instructions that a violation of statutory rules of the road is negligence per se.

The jury returned a verdict for the plaintiffs. The jury awarded Betty Mosell $103,399.61 in damages and Lester Mosell $5,000 in damages. The estate filed a combined motion for judgment notwithstanding the verdict and motion for new trial, challenging, among other things, the district court's rulings on instructions and an allegedly excessive verdict. The motions were denied.

The estate appeals. The estate argues the district court erred (1) in failing to instruct on the sudden emergency doctrine; (2) in refusing to expand its negligence instruction and in instructing the jury that violations of rules of the road constitutes negligence per se; and (3) in failing to order remittitur or a new trial due to an excessive award of damages.

I.

This action was filed and tried at law. Our review is for correction of errors at law. Iowa R.App.P. 4.

The trial court, at the time it ruled the sudden emergency doctrine was subsumed by comparative fault, did not have the benefit of our supreme court's decision of *Weiss v.*

*Bal,* 501 N.W.2d 478 (Iowa 1993). *Weiss,* holds that the adoption of comparative fault does not destroy the sudden emergency doctrine. *Weiss,* 501 N.W.2d at 481.

The Mosells admit the district court's determination that the sudden emergency doctrine was subsumed by comparative fault was erroneous. However, they maintain that although the court's reasoning was erroneous, under the circumstances here, the facts do not support the giving of a sudden emergency instruction.

The Mosells argue further that the district court's decision to not give a jury instruction on the sudden emergency doctrine may be affirmed upon grounds other than those relied on by the district court. *See Galloway v. Bankers Trust Co.,* 420 N.W.2d 437, 441 (Iowa 1988). Although this is a correct statement of the law, as explained later in this opinion, we hold that a sudden emergency instruction should have been given.

## II.

■ The Mosells contend the evidence does not support the giving of an instruction on the sudden emergency doctrine.[1] The Mosells' principle assertions are: (1) the situation confronting Mr. Marks was foreseeable; (2) Mr. Marks was warned of the danger by the deer-crossing signs; and (3) it was Mr. Marks conduct which caused an emergency situation to occur.

1. Sudden emergency is the law of this state despite recent criticism of the doctrine in other jurisdictions. *See,* Jeffrey F. Ghent, Annotation, *Modern Status of Sudden Emergency Doctrine,* 10 A.L.R.5th 680, 687 (1993). Sudden emergency has been recognized by this court as a valid defense to excuse individuals who, due to icy or ultra-hazardous road conditions, failed to obey traffic laws that would otherwise constitute negligence per se. *Jones v. Blair,* 387 N.W.2d 349, 353 (Iowa 1986); *Bannon v. Pfiffner,* 333 N.W.2d 464, 470 (Iowa 1983). The sudden emergency defense has also been recognized as a proper defense for failing to stop at an intersection according to statutory requirements due to nonnegligent brake failure. *Bangs v. Keifer,* 174 N.W.2d 372, 375–76 (Iowa 1970); *see also Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459 (Iowa 1974) (valid defense to sudden dust storm).

2. Although the *Weiss* court recognized that sudden emergency is still a viable concept after

Our supreme court discussed using the sudden emergency doctrine in *Weiss.* A sudden emergency situation is defined as:

(1) An unforeseen combination of circumstances which calls for immediate action;

(2) A perplexing contingency or complication of circumstances;

(3) A sudden or unexpected occasion for action, exigency, pressing necessity.

*Weiss,* 501 N.W.2d at 481.

Since both parties rely rather heavily on *Weiss* to support their position, a brief analysis of its factual setting may be instructive. The defendant in *Weiss* struck the plaintiff-pedestrian while driving his car through a high school parking lot after an evening basketball game. The defendant did not see the plaintiff until just before impact. The defendant claimed that a sudden emergency instruction should be given to the jury because he was suddenly confronted with unforeseen circumstances not of his own making that should have excused his tortious conduct. *Id.*

The plaintiff in *Weiss* argued that a sudden emergency instruction is no longer needed since comparative fault is assigned between the parties. *Weiss,* 501 N.W.2d at 480. The *Weiss* court rejected that argument and stated that an instruction addressing sudden emergency is warranted to aid a jury's understanding of fault principals in an emergency context. *Id.* at 481.[2] The court

adoption of comparative fault, it held that sudden emergency was not applicable under the facts presented there. The court stated:

> This is not a case in which a driver was suddenly confronted with oncoming traffic on the wrong side of the road, an unexpected patch of ice, a nonnegligent failure of brakes, or a sudden heart attack. The facts reveal no more than the everyday hazard of driving through a school parking lot and the not uncommon appearance of pedestrians crossing the traveled way to reach their parked cars. We are convinced the collision resulted from one or more of the fault concepts alleged—lack of control, excessive speed, failure on the part of the driver or pedestrian to watch out for the other—not from an emergency independent of this conduct. In other words, the conduct created the emergency; the emergency did not create the conduct to be excused.

*Weiss,* 501 N.W.2d at 482.

stated that such an instruction gives the jury guidance that an actor is held only to the standard of reasonable care under the circumstances posed by the emergency. *Id.* (citing *Young v. Clark,* 814 P.2d 364, 368 (Colo.1991)).[3]

This is a case where a driver was confronted with an unforeseen, exigent combination of circumstances not of his own making—a deer bounding onto the road at night directly in front of him—which called for an immediate decision to brake and swerve and attempt to miss the deer. The independent, unforeseen emergency circumstances of a deer bounding into the path of Mr. Marks' car created his conduct; his conduct did not create the emergency.

The Mosells' argument that it was Leonard Marks' conduct which caused the accident is incorrect. But for the deer entering the roadway in front of the Marks' car, the accident would not have occurred.

■ We also find the Mosells' argument, that the situation was foreseeable, to be unpersuasive. A wild animal running in front of the Marks' car must certainly be viewed as unforeseeable. *See Whitehead v. Cruse,* 279 So.2d 802 (La.Ct.App.1973) (a large animal running into the road created a sudden emergency situation). Leonard Marks could not have anticipated the deer running out onto the road.

## III.

■ We must view the evidence in a light most favorable to the party asserting the defense. *Weiss,* 501 N.W.2d at 481. Viewing the evidence in the light most favorable to the estate, we find there is sufficient evidence to support the giving of a sudden emergency instruction.

■ Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Freeman,* 267 N.W.2d 69, 71 (Iowa 1978). Submission of issues that have no support in the evidence to the jury is error. *W.T. Rawleigh Medical Co. v. Bane,* 181 Iowa 734, 739, 165 N.W. 42, 43–44 (1917); accord *Borough v. Minneapolis & St. L.R. Co.,* 191 Iowa 1216, 1223, 184 N.W. 320, 323 (1921); *see Miller v. International Harvester Co.,* 246 N.W.2d 298, 301 (Iowa 1976). Conversely, failure to submit issues that are supported by substantial evidence also is error. *See Borough,* 191 Iowa at 1223, 184 N.W. at 323; *see also Miller,* 246 N.W.2d at 301.

The estate was prejudiced by the failure of the district court to submit an instruction on sudden emergency to the jury.[4] As this error is sufficient to warrant a new trial, we do not reach the issue regarding the excessiveness of the jury award. We reverse and order a new trial.

**REVERSED AND REMANDED.**

---

3. As an example of an instruction which could aid the jury, the *Weiss* court referred to the charge proffered in *Young:*

> A person who, through no fault of his or her own, is placed in a sudden emergency, is not chargeable with negligence if the person exercises that degree of care which a reasonably careful person would have exercised under the same or similar circumstances.

*Weiss,* 501 N.W.2d at 481, n. 1. This suggested instruction is very similar to the one requested by the estate in this case.

4. Although we have held that a sudden emergency instruction should have been given, we join with the supreme court in *Weiss* that some caution should be exercised in using the sudden emergency *doctrine in the traffic context.* Our supreme court stated:

> Were we to extend the sudden emergency doctrine to cases like the one before us, it could be relied upon in nearly any traffic context to excuse "emergencies" that a reasonably prudent driver must be prepared to meet. We do not believe that excusing the failure to anticipate such ordinary hazards is in keeping with the spirit or purpose of the doctrine.

*Weiss,* 501 N.W.2d at 482 (citation omitted).