**Wendy C. BEYER, Appellee,**

v.

**Gregory Scott TODD and Todd's Flying Service, Inc., Appellants.**

No. 97–1178.

Supreme Court of Iowa.

Oct. 13, 1999.

Sharon Soorholtz Greer of Cartwright, Druker & Ryden, Marshalltown, for appellants.

Frederick B. Anderson of Wiggins, Anderson & Conger, P.C., West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and · LARSON, NEUMAN, SNELL, and TERNUS JJ.

**McGIVERIN, Chief Justice.**

Plaintiff, Wendy C. Beyer, sought damages from defendants Gregory Scott Todd and Todd's Flying Service, Inc., for injuries she sustained in a multi-vehicle accident. The jury returned a verdict in favor of plaintiff and defendants appeal, asserting error by the district court concerning the court's: (1) refusal to give a sudden emergency jury instruction; (2) refusal to instruct the jury that plaintiff had the burden of proving the fault of released persons; and (3) refusal to admit plaintiff's petition as evidence in the case. Upon our review, we affirm.

## I. Background facts and proceedings.

On April 21, 1994, plaintiff Wendy C. Beyer was injured in a multi-vehicle accident in Ankeny, Iowa. The event triggering the accident occurred when a vehicle being driven by Christopher Gardner stalled at an intersection stoplight in a left-hand lane of a four-lane divided highway. Gardner did not get out of the car, but signaled cars to go around him. The speed limit in the area was forty-five miles per hour.

Another motorist, Lucy Comer, was traveling in the same direction and in the same lane as the Gardner vehicle, but was a few car lengths behind the Gardner vehicle. Comer was alerted to Gardner's stalled vehicle when a pickup suddenly moved from the left lane to the right lane with no warning. Upon seeing Gardner's stalled auto, Comer applied her brakes and came to a stop without hitting Gardner's vehicle.

Plaintiff Beyer was also traveling in the left-hand lane. She observed the brake lights of Comer's vehicle, applied her brakes and brought her vehicle to a stop. Beyer believed she had been traveling forty miles per hour before stopping. Beyer's vehicle was then struck from behind by a vehicle being driven by defendant Gregory Todd, and owned by defendant Todd's Flying Service, Inc. The force from the impact of the Beyer–Todd collision pushed Beyer's vehicle forward into Comer's vehicle. Beyer's vehicle also collided with a vehicle being driven by Linda Yohe who was traveling in the right-hand lane. Gregory Todd believed he was traveling between thirty-five and forty miles per hour before trying to stop.

No one required medical attention at the scene of the accident. The accident occurred at approximately 4:45 p.m. The road surface was dry, the topography of the land was fairly flat and visibility was clear.

Plaintiff Beyer filed an action against Gregory Todd and Todd's Flying Service, Inc., asserting negligence claims and seeking damages for personal injuries and property damages she sustained as a result of the accident.[1] Beyer later amended her petition, adding as defendants Comer and Gardner and alleged they were also negligent.

Todd filed an answer and counterclaim against plaintiff Beyer, asserting that Beyer was negligent, and also filed a cross-claim against Comer and Gardner alleging they were negligent.

Beyer settled with defendants Comer and Gardner, and the matter proceeded to trial concerning Beyer's claims against defendant Todd and Todd's counterclaim against Beyer and his cross-claims against Comer and Gardner.

During trial, defendant Todd made an offer of proof of plaintiff Beyer's amended petition in which Beyer alleged that Comer, Gardner, and Todd were *all* negligent in operating their vehicles. The district court sustained Beyer's objection to Todd's offer of proof and the amended petition was not admitted into evidence. Todd also requested the court to instruct the jury that plaintiff had the burden of proving the fault of the released persons, Comer and Gardner, but the court refused. Additionally, Todd requested that the trial court give a sudden emergency instruction to the jury, but the court refused.

The jury returned verdicts in favor of plaintiff Beyer, concerning her claims against Todd. The jury found Beyer 5% at fault, defendant Todd 90% at fault, defendant Gardner 5% at fault, and fixed the total sum of $46,900 as Beyer's property and personal injury damages.[2]

The jury found against Todd concerning his counterclaim against Beyer. Because Todd was found 90% at fault concerning Beyer's claim, the court entered judgment in favor of plaintiff Beyer against defendant Todd in the amount of $42,210, plus interest.

Defendant Todd appeals.

## II. Sudden emergency jury instruction.

Todd first contends that the district court committed reversible error by refusing to give his requested sudden emergency jury instruction.

Our review of trial court determinations concerning jury instructions is for correction of errors at law. Iowa R.App. P. 4; *Sheets v. Ritt, Ritt & Ritt, Inc.,* 581 N.W.2d 602, 604 (Iowa 1998). "As long as a requested instruction correctly states the law, has application to the case, and is not stated elsewhere in the instructions, the court must give the requested instruction." *Vaughan v. Must, Inc.,* 542 N.W.2d 533, 539 (Iowa 1996). Parties are entitled to have their legal theories submitted to a jury if they are supported by the pleadings and substantial evidence in the record. *Sonnek v. Warren,* 522 N.W.2d 45, 47 (Iowa 1994). "Evidence is substantial enough to support a requested instruction when a reasonable mind would accept it as adequate to reach a conclusion." *Bride v. Heckart,* 556 N.W.2d 449, 452 (Iowa 1996). Failure to give a requested jury instruction does not warrant reversal unless it results in prejudice to the party requesting the instruction. *Vaughan,* 542 N.W.2d at 539. A party's objections to the court's instructions must specify the matter objected to and on what grounds. Iowa R. Civ. P. 196; *accord Boham v. City of Sioux City,* 567 N.W.2d 431, 437 (Iowa 1997).

1. We will refer to defendants Gregory Todd and Todd's Flying Service, Inc. collectively as Todd.

2. The jury also found that Comer was negligent, but that Comer's negligence was not the proximate cause of any damage to plaintiff Beyer. The jury therefore did not specify a percentage of fault for Comer.

Todd requested the court to give the following sudden emergency jury instruction:

Todd claims that if you find that he violated the law in the operation of his vehicle, he had a legal excuse for doing so because he was confronted with a sudden emergency and, therefore, is not negligent. A sudden emergency is a combination of circumstances that calls for immediate action or a sudden or unexpected occasion for action. A driver of a vehicle who, through no fault of his own, is placed in a sudden emergency, is not chargeable with negligence if the driver exercises that degree of care which a reasonably careful person would have exercised under the same or similar circumstances.[3]

The district court refused to give Todd's sudden emergency instruction to the jury.

 We have defined a sudden emergency as follows:

(1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action, exigency, pressing necessity.

*Weiss v. Bal,* 501 N.W.2d 478, 481 (Iowa 1993) (quoting *Bangs v. Keifer,* 174 N.W.2d 372, 374 (Iowa 1970)). Whether a party is faced with a sudden emergency is ordinarily a question for the jury. *Id.* at 481. We also view the evidence in the light most favorable to the party asserting that a sudden emergency existed. *Id.*

 Comparing this definition of a sudden emergency with the facts of this case, we conclude that the district court did not commit reversible error by refusing to give Todd's sudden emergency instruction. We first note that the weather was not a factor in causing the accident. According to the record, Comer, Beyer, and Todd were forced to quickly apply

their brakes in response to a sudden stop in traffic. A sudden stop in traffic on a divided, four-lane highway, during a busy time of day, however, is not an uncommon or unforeseen event on the traveled roadways. We believe that the sudden stop in traffic which confronted Todd is more like the everyday hazard of driving through a school parking lot, *see Weiss,* 501 N.W.2d at 482 (district court erred by giving sudden emergency instruction; collision between pedestrian walking in high school parking lot and defendant's vehicle resulted from lack of control, excessive speed and not from an emergency independent of defendant driver's conduct), than like a deer bounding onto the road at night directly in front of a driver, *see Mosell v. Estate of Marks,* 526 N.W.2d 179, 182 (Iowa App.1994) (driver was confronted with an unforeseen, exigent combination of circumstances when deer bounded onto road at night directly in front of driver and driver was thus confronted with a sudden emergency; district court therefore erred by its failure to submit a sudden emergency instruction), or a couch falling from a pickup truck onto the freeway without warning. *See Reener v. Hill & Williams Bros., Inc.,* 502 N.W.2d 26, 29 (Iowa App. 1993) (applying Tennessee law, substantial evidence existed to justify submitting a sudden emergency instruction to jury where traffic on freeway was moving steadily at highway speeds and it was impossible to change lanes quickly when couch fell from pickup onto freeway).

Thus, while Todd was forced to take immediate action in response to the vehicles stopping in front of him, we believe such an event does not qualify as an emergency for purposes of submitting a sudden emergency jury instruction to the jury. *See Myhaver v. Knutson,* 189 Ariz. 286, 942 P.2d 445, 450 (1997) (sudden emergency jury instruction should be confined to cases where the emergency is not of the

---

**3.** The language of defendant's requested instruction tracks with Iowa Civil Jury Instruc-

tion no. 600.75 Sudden Emergency.

routine sort produced by the impending accident but arises from events the driver could not be expected to anticipate; trial court properly submitted sudden emergency instruction to jury where defendant driver swerved across center line into path of oncoming traffic to avoid head-on collision with vehicle that was coming toward him in wrong lane of traffic); *see also Mitchell v. Johnson*, 641 So.2d 238, 239 (Ala.1994) (sudden emergency doctrine was not applicable where defendant breached duty of having vehicle under control; defendant was traveling at a speed that, given the wet roads, did not allow her to stop upon seeing vehicle stopped at the crest of a hill); *Tyson v. Brecher*, 212 A.D.2d 851, 622 N.Y.S.2d 344, 345 (1995) (trial court properly denied plaintiff's request to give an emergency doctrine instruction to the jury; plaintiff, who was following defendant's vehicle on motorcycle when car in front of him came to an abrupt stop was merely faced with a routine traffic situation that he should have reasonably anticipated and been prepared to meet; plaintiff was required to maintain a reasonably safe distance and rate of speed to maintain control of motorcycle as he approached vehicle in front of him).[4] Additionally, we believe our statutes concerning a driver's duty to keep his or her vehicle under control, *see* Iowa Code section 321.288(3) (1995), and the duty to operate a vehicle such that it can be stopped within the assured clear distance ahead, *see* Iowa Code section 321.285, imply that a driver should be prepared for a sudden

stop in traffic. Moreover, the sudden stop in traffic caused by a stalled vehicle would be no different from a stop in traffic caused by a vehicle making a left-hand turn across traffic. In either situation, a sudden stop in traffic should not be unexpected or unforeseen.

To extend the sudden emergency doctrine to cases like the one before us, would, as we noted in *Weiss*, make it so that the doctrine "could be relied upon in nearly any traffic context to excuse 'emergencies' that a reasonably prudent driver must be prepared to meet." *Weiss*, 501 N.W.2d at 482 (citing William L. Prosser and W. Page Keeton, *Prosser and Keeton on Torts* § 33, at 197 (5th ed.1984)). We do not believe that excusing the failure to anticipate such ordinary hazards as abrupt stops in traffic "is in keeping with the spirit or purpose of the doctrine." *Id.* We therefore conclude that the district court properly refused Todd's request that it submit a sudden emergency instruction to the jury. We affirm on this issue.

### III. Who has burden of proving fault of released persons?

Iowa Code section 668.3(2)(b)[5] explains that in the trial of a claim involving the fault of more than one party to the claim, the district court shall instruct the jury to answer special interrogatories concerning the percentage of the total fault allocated to each claimant, defendant, third-party defendant, and person released from liability under section 668.7. Iowa Code chapter 668, however, does not specify who has

4. *Cf. Young v. Clark*, 814 P.2d 364, 367 (Colo. 1991) (trial court properly instructed jury on the sudden emergency doctrine; sudden and unexpected reentry of unknown driver into flow of traffic was sufficient evidence to support giving the sudden emergency instruction and there was no evidence that driver who rear-ended vehicle in front of her was driving too fast or following too closely).

5. Iowa Code section 668.3 provides in pertinent part:
2. In the trial of a claim involving the fault of more than one party to the claim, including third-party defendants and persons who

have been released pursuant to section 668.7, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating all of the following:
. . . .
b. The percentage of the total fault allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under section 668.7. For this purpose the court may determine that two or more persons are to be treated as a single party.

the burden of proving the fault of released persons.

Defendant Todd asserts on appeal that the district court erred by not instructing the jury that it was plaintiff Beyer's burden to prove the fault of Comer and Gardner, the persons Beyer settled with prior to trial, or the released persons.

 Upon our review, we conclude that the district court did not err by refusing to instruct the jury that plaintiff Beyer had the burden of proving the fault of Comer and Gardner. We believe that the language of Iowa Code section 668.3, and of Iowa Code section 619.17[6] by analogy, suggests that it was defendant Todd's burden to prove the fault of Comer and Gardner as part of his defense to Beyer's claim against him. Ordinarily, the burden of proof on an issue is upon the party who would suffer loss if the issue were not established. Iowa R.App. P. 14(f)(5); *see also* 57B Am.Jur.2d *Negligence* § 1274, at 172 (1989) ("While the burden of proving the total amount of damages sustained is upon the plaintiff, the burden of showing to what extent the damages sustained by the plaintiff shall be diminished on account of the negligence attributable to the plaintiff is upon the defendant."). Todd, as the only remaining defendant in Beyer's action for damages, had the most to lose and thus it seems appropriate that Todd have the burden of proving the fault of released persons in order to lessen his own possible percentage of fault. It was therefore Todd's burden to prove the fault of Comer and Gardner. We find no error on this issue.

## IV. Denial of admission of petition into evidence.

 During the trial of her negligence claim against Todd, Beyer argued that Todd was entirely at fault. Todd made an offer of proof of Beyer's amended petition in which Beyer alleged that Comer, Gardner, and Todd were *all* negligent in operating their vehicles and that such negligence was a proximate cause of Beyer's injuries and damages. The district court sustained Beyer's relevancy objections to Todd's offer of proof and the petition was not admitted into evidence. Todd contends on appeal that this was error.

 We find no abuse of discretion by the district court in refusing to allow defendant to introduce Beyer's amended petition as a factual admission by Beyer that Gardner and Comer were negligent. The rule is well-settled in Iowa "that admissions in the pleadings, if not amended or withdrawn, stand as conclusive proof of the admitted facts." *Smith v. Bitter*, 319 N.W.2d 196, 199 (Iowa 1982); *see also Long v. McAllister*, 319 N.W.2d 256, 258 (Iowa 1982) ("When a fact alleged in a pleading is admitted, the fact is no longer an issue."); 29A Am.Jur.2d *Evidence* §§ 774–75, at 141–43 (1994). Our court of appeals has explained the rule this way:

> A party cannot take a position contradictory to or inconsistent with [the] pleadings, and the facts that are admitted by the pleadings are to be taken as true against the pleader, whether or not they are offered as evidence. Admissions in the pleadings may render proof of the admitted facts unnecessary or render proof contradicting them inadmissible.

*Miller v. AMF Harley–Davidson Motor Co.*, 328 N.W.2d 348, 352 (Iowa App.1982). We believe that the above explanation of the rule shows that only admissions of factual matters made in pleadings, and not merely allegations or statements of legal

---

6. Iowa Code section 619.17 provides:

> A plaintiff does not have the burden of pleading and proving the plaintiff's freedom from contributory fault. If a defendant relies upon contributory fault of a plaintiff to diminish the amount to be awarded as compensatory damages, *the defendant has the burden of pleading and proving fault of the* *plaintiff*, if any, and that it was a proximate cause of the injury or damage. As used in this section, "plaintiff" includes a defendant filing a counterclaim or cross-petition, and the term "defendant" includes a plaintiff against whom a counterclaim or cross-petition has been filed. (Emphasis added.)

**42**

theories, are admissible as evidence. *See Kirk v. Union Pacific R.R.*, 514 N.W.2d 734, 740 (Iowa App.1994) (district court properly excluded original petition from evidence at trial; excerpt from original petition offered by defendant was only an allegation of claimed negligence of defendant, and did not constitute an admission of a particular point of fact); *Blinder, Robinson, & Co. v. Bruton*, 552 A.2d 466, 474 (Del.1989) (judicial admissions which are binding on the tendering party are limited to factual matters in issue and not to statements of legal theories); *Lazane v. Bean*, 782 S.W.2d 804, 805 (Mo.Ct.App.1990) (legal conclusions are not admissible as admissions against the pleader's interest); 29A Am.Jur.2d *Evidence* § 770, at 137 (to constitute a judicial admission, the statement must be one of fact, not opinion).

As noted above, Todd sought to introduce Beyer's amended petition to show that she initially alleged that Comer, Gardner and Todd were all negligent. The offered statements only amount to an allegation of negligence, or legal theory, not an admission by Beyer of a factual matter concerning those persons. Accordingly, the district court did not abuse its discretion in refusing to allow Todd to introduce Beyer's amended petition as evidence. We find no error on this issue and affirm.

### V. Disposition.

We conclude that the district court properly refused to give defendant Todd's requested sudden emergency jury instruction and properly refused to place the burden of proving the fault of released persons on plaintiff.

We further conclude that the district court properly exercised its discretion in refusing to admit into evidence Beyer's amended petition concerning the fault of Gardner and Comer as evidence in the case. We affirm on all issues presented.

**AFFIRMED.**