**In re the Detention of Danny R. BARKER.**

**State of Iowa, Appellee,**

v.

**Danny R. Barker, Appellant.**

**No. 02–0320.**

Supreme Court of Iowa.

May 7, 2003.

Mark Smith, First Assistant State Public Defender, for appellant.

Thomas J. Miller, Attorney General, and Denise A. Timmins and Roxann M. Ryan, Assistant Attorneys General, for appellee.

NEUMAN, Justice.

Respondent, Danny R. Barker, appeals his commitment as a sexually violent predator under Iowa Code chapter 229A (2001). He seeks reversal based on an alleged error in one of the court's jury instructions. Finding no error, we affirm.

The facts underlying Barker's commitment are not disputed. He has a history of committing violent sexual assaults, principally against minor boys, dating back to 1981. In 1994 he was convicted of third-degree sexual abuse and incest involving his ten-year-old niece. He was nearing the end of his incarceration for this offense when the State petitioned to have him committed as a sexually violent predator.

Pertinent to this appeal, the trial court gave the following marshalling instruction:

### INSTRUCTION NO. 8

To find the Respondent is a sexually violent predator, each of the following elements must be proved beyond a reasonable doubt.

1. The Respondent has been convicted or charged with a crime of sexual violence;

2. The Respondent suffers from a mental abnormality;

3. Because of that mental abnormality, the Respondent has serious difficulty controlling his sexually violent behavior;

4. That such mental abnormality makes the Respondent likely to engage in predatory acts constituting sexually violent offenses if not confined in a secure facility.

If you find from the evidence that each of these elements has been proven beyond a reasonable doubt, then it will be your duty to return a verdict that the Respondent is a sexually violent predator.

If, however, you have a reasonable doubt as to any one of the above elements, then you have a reasonable doubt, and it will be your duty to return a verdict that the Respondent is not a sexually violent predator.

Barker argued at trial, and now urges on appeal, that the court should

have added the word "predatory" before the phrase "sexually violent behavior" in the third numbered element above. He claims the modification is required in order to distinguish ordinary criminal recidivist behavior from predatory behavior warranting civil commitment under chapter 229A. The State counters the requested modification would have been superfluous and incorrect. For the reasons that follow, we agree.

**I.** In two recent cases this court clarified that, in order to conform chapter 229A to the constitutional requirements set out by the Supreme Court in *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 870, 151 L.Ed.2d 856, 862 (2002), the State must prove the respondent has "serious difficulty" in controlling his behavior. *In re Detention of Barnes*, 658 N.W.2d 98, 101 (Iowa 2003); *In re Detention of Gonzales*, 658 N.W.2d 102, 103 (Iowa 2003). Although the case now before us was tried before *Barnes* and *Gonzales* were decided, the court—over the State's objection—modified the uniform instruction consistent with *Crane*.

The question is whether the court was required to go further, as Barker now suggests. He frames his argument this way:

> [T]he Iowa law goes further than the Kansas law in outlining who fits the definition of a sexually violent predator. Only those individuals who have serious difficulty controlling *predatory* acts of sexually violent behavior fit the Iowa definition of a sexually violent predator. Iowa Code § 229A.2(9) (2001) (emphasis added). In Mr. Barker's case, this is a critical distinction. All the experts who testified, even those retained by the State of Iowa, agreed that, although Mr. Barker had been convicted of multiple sexual offenses, only one of them, the

one to which he pled guilty in 1984, fit the Iowa definition of predatory.

**II.** Barker correctly asserts, and the State concedes, that Iowa's sexually violent predator statute focuses on "predatory" acts—a concept missing in the Kansas statute at issue in *Crane*. By definition, the term "predatory" means "acts directed toward a person with whom a relationship has been established or promoted *for the primary purpose of victimization.*" Iowa Code § 229A.2(5) (emphasis added); *see* Iowa Uniform Jury Instr. 3700.6 (defining predatory acts). The court incorporated this definition in its jury instructions.

As the record before us reveals, rates of re-offense among incest offenders generally are lower than offense rates among non-incest offenders. Because Iowa's definition of "predatory" excludes incest offenders, it captures only the offenders with higher recidivism rates, thus narrowing the reach of the statute.

**III.** Contrary to the argument advanced by Barker on appeal, the court instructed the jury in a manner consistent with Iowa's statutory scheme and the due process concerns outlined by the Supreme Court in *Crane*. Not only was the jury required to find that the respondent has serious difficulty controlling his sexually violent behavior, the jury was also required to find that the same mental abnormality making it difficult for Barker to control his behavior makes him likely to engage in predatory acts. This was a correct statement of the law because, contrary to Barker's suggested coupling (or repetition) of the concepts, the statutory definition of "predatory" relates to the nature of the *relationship* between the respondent and his victim, not the nature of the sex act itself. In other words, under the Iowa scheme of things, the offending conduct must be sexually violent *and*

against a particular victim to qualify as predatory.

 "It is axiomatic that courts must correctly instruct the jury on the law pertaining to material issues supported by evidence in the record." *In re Detention of Williams*, 628 N.W.2d 447, 459 (Iowa 2001). A court need not give a requested instruction unless it (1) correctly states the law, (2) has application to the case, and (3) is not covered elsewhere in the instructions. *See Beyer v. Todd*, 601 N.W.2d 35, 38 (Iowa 1999). Here, the instruction tendered by Barker would have mischaracterized the statute by incorrectly modifying "sexually violent behavior" rather than honoring the statute's focus on the predatory nature of the act as a separate concept involving respondent's relationship with the victim. The district court properly recognized this distinction, instructing in accordance with the statute. Thus no reversal of Barker's commitment under chapter 229A is warranted.

**AFFIRMED.**