W. T. RAWLEIGH MEDICAL COMPANY, Appellant, v. A. S. BANE et al., Appellees.

TRIAL: Instructions—Non-Applicability to Evidence. Instructing on issues wholly without support in the evidence is reversible error. So held in an action on a guaranty.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

NOVEMBER 17, 1917.

ACTION on a contract of guaranty. Verdict for defendant. Plaintiff appeals.—*Reversed and remanded.*

*Otto & Otto,* for appellant.

*Henry Negus* and *Ball & Ball,* for appellees.

STEVENS, J.—I. Appellant, which is a corporation organized under the laws of the state of Illinois, with its principal place of business at Freeport in that state, at some time prior to March 30, 1912, the date of the acceptance thereof by said corporation, entered into a contract in writing with Ray E. Eustick, of Iowa City, Iowa, by the terms of which it agreed to sell and deliver to him merchandise consisting of medicines, extracts, toilet articles and kindred articles to be sold by him. The provisions of said contract material to the decision of this case are as follows:

"Unless prevented by strikes, fires, accidents or causes beyond its control said company agrees to fill and deliver on board cars at Freeport, Illinois, or at its option any

other regular place of shipment, his reasonable orders, provided his account is in satisfactory condition, and to charge all products sold him under this contract to his account at current wholesale prices; also to notify him promptly of any change in wholesale prices.  *  *  *

"This contract is subject to acceptance at the home of the company, and is to continue in force as long as his account and the amount of his purchases remain satisfactory to said company, or until terminated as provided above; provided, however, that said Ray E. Eustick or his guarantors may be released from this contract at any time by paying in ·cash the balance due said company on account."

The defendants herein guaranteed the performance of the terms of said contract by Eustick in writing as follows:

"In consideration of The W. T. Rawleigh Medical Company extending credit to the above named person, we hereby guarantee to it jointly and severally the honest and faithful performance of the said contract by him, waiving acceptance of this guaranty and all notice and agree that the written acknowledgment of his account or any judgment against said principal shall in every respect bind and be conclusive against the undersigned, and that any extension of time shall not release us from liability under this guaranty.

"Responsible men sign below in ink or indelible pencil.

| (Names) | (Occupations) | (P. O. Addresses) |
| --- | --- | --- |
| A. S. Bane | Farmer | Iowa City |
| Wm. Sharf | Farmer | Iowa City |

"The above guarantors are entitled upon request at any time to a statement of principal's account."

Eustick ordered merchandise of appellant under said contract in varying quantities from time to time until some time in July, 1913, when plaintiff terminated the contract. At the time of the termination of said contract, he

appears to have been indebted to plaintiff in the sum of $845.67, for which amount he confessed judgment. The contract required him to remit weekly an amount equal to one half of the receipts from the business, to be applied on his account with plaintiff.

His first order for goods was in April, 1912, and was for $241.30. He ordered goods each month thereafter during that year, and each month in 1913, except January, up to the 1st of July. Payments were made by him each month, and apparently each week, commencing May 27, 1912, until August, 1913. After the latter date, payments were continued, but were not so regularly made as previously. A quantity of the goods on hand when the contract was terminated was returned to plaintiff, as allowed by the contract, so that, while the amount due when the contract was terminated was $1,130.40, payments thereafter made reduced this sum to $845.67, the amount for which Eustick confessed judgment.

The total sales to Eustick amounted to $1,496.90, but this included a wagon manufactured by plaintiff for use in selling their merchandise, and furnished defendant at a cost of $175, the amount agreed upon and stated in the contract. The total payments by Eustick amounted to $651.23, which is only a trifle less than one half the total cost of merchandise purchased by him under his contract.

Two defenses were pleaded by defendants, which were submitted to the jury as follows: (a) That said defendants signed the guaranty upon the understanding and agreement with Eustick that he was not to deliver the same to plaintiff until he had procured a third party to sign the same as guarantor, and that the said Eustick, without knowledge or notice on the part of the defendants, delivered the same to plaintiff without first having obtained another signature thereto. (b) As stated in the following instruction, to wit: "5. The next defense made by Bane is that the

plaintiff extended credit and delivered goods to Eustick in an unreasonable amount and more than the said contract provided for.   Now the burden of proof is upon the defendant to establish this claimed defense by a preponderance of the evidence.   Now you are instructed that the contract provides that the plaintiff would fill the reasonable orders of Eustick, provided his account was in a satisfactory condition.   You are instructed that the defendant Bane had the right to rely on this provision in the contract at the time he signed the guaranty, and if the plaintiff furnished to Eustick an unreasonable amount of goods, or at a time when his account was not satisfactory to plaintiff, that then and in that event there can be no recovery by the plaintiff in this action, and you should find for the defendant; but if the plaintiff did not furnish him an unreasonable amount of goods, or did not furnish him goods at a time when his account was unsatisfactory, then you should find for the plaintiff as to this claimed defense."

Proper exception was taken to the foregoing instruction before the same was read to the jury, and a motion was made by plaintiff for a directed verdict, upon the ground that the evidence was insufficient to justify a submission to the jury of either of the foregoing issues.

The instrument signed by defendants was not limited as to time or amount.   Defendants had no personal knowledge of the purchases made by Eustick or the amount of goods delivered to or sold by him, but there is no claim herein that he did not receive the amount of goods charged to his account, or that he failed to sell the same in the manner contemplated at the time they signed the instrument.

In the above instruction, the court construed the provision of the contract therein referred to as a binding obligation upon plaintiff not to sell Eustick goods in unreasonable amounts, or at a time when his account was not satis-

factory to it, and, if it did so, that same would operate as a discharge of the guarantors.

The agreement on the part of plaintiff was to deliver goods on board the cars at Freeport, Illinois, or other points at its option, consigned to Eustick for the purpose of filling all his reasonable orders, unless his account at the time was in an unsatisfactory condition. If this provision of the contract was in any sense intended for the protection of the guarantors, it could only be so construed upon the theory that the agreement to fill the reasonable orders of Eustick carried with it an implied obligation not/to fill same when the amount thereof was unreasonable, or when his account was in an unsatisfactory condition; but, under the record before us, it is immaterial whether this provision of the contract be considered as a limitation upon the right of Eustick to demand the shipment of goods in quantities deemed unreasonable by plaintiff, or at a time when the condition of his account was not satisfactory to it, as there is no evidence whatever from which the jury could have inferred either that the amount of goods delivered was unreasonable, or that his account was not satisfactory to plaintiff. The evidence showed that Eustick either sold all of the goods delivered to him or returned them to plaintiff, as above stated. If he remitted each week a sum equal to one half of the amount received, his business must have been conducted at a loss, or else he was improvident in extending credit.

The purpose of the guaranty was to protect plaintiff against loss on account of credit extended to Eustick, and, by express provision of the guaranty, plaintiff agreed to furnish a statement of Eustick's account at any time upon request. No request was made therefor. Eustick failed to pay for the goods ordered and received by him. This was one of the contingencies against which plaintiff

sought by the contract of guaranty to protect itself. The question submitted by the quoted instruction was not involved, nor sustained by any evidence whatever, and it was prejudicial error to give it.

II. In view of the conclusion above stated, it is unnecessary to consider the other defense relied upon by defendants. The same appears to be ruled by *Benton County Sav. Bank v. Boddicker,* 105 Iowa 548, *Merchants' National Bank v. Cressey,* 164 Iowa 721, and probably other cases of like tenor.

For the reasons pointed out, the judgment of the court below is reversed and cause remanded.—*Reversed and remanded.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.