AMCO MUTUAL INSURANCE
COMPANY, Appellee,

v.

Elizabeth LAMPHERE, f/k/a Elizabeth
Rohner, Appellant.

No. 94–0449

Court of Appeals of Iowa.

Oct. 31, 1995.

John C. Stevens of Lewis and Stevens, P.C., Muscatine, for appellant.

William F. Fanter and Barbara A. Hering of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

Elizabeth Lamphere appeals a district court judgment, following a jury trial, denying coverage for damage to her home due to fire. We affirm.

The defendant, Elizabeth Lamphere, owned a home in a settlement known as Sharon Center in rural Johnson County. Lamphere had insured her home under a dwelling coverage insurance policy with the plaintiff, Allied Mutual Insurance Company (AMCO). On July 24, 1989, Lamphere's home was seriously damaged by fire. At that time, Lamphere was living in Ogden, Utah, and the home was unoccupied. The assistant fire chief of Hills, Iowa, requested the assistance of the state fire marshall to investigate the fire. On July 27, 1989, a fire marshall's agent and AMCO's special investigation unit determined the fire was caused by arson. The agent prepared and filed with the state fire marshall a thirty-page field investigation report concluding the fire was set by a Winfred Cortimiliga at Lamphere's request.

On August 2, 1989, AMCO sent Lamphere a letter requesting that she complete a sworn statement for proof of loss within sixty days as required by her insurance policy. AMCO also requested that Lamphere submit to an examination under oath and produce her tax returns and personal financial documents for three years preceding the fire. With each request, AMCO reserved its right to refuse coverage at a later date. Lamphere gave a preliminary tape-recorded interview on August 8, 1989, but failed at that time to comply with AMCO's other requests.

Lamphere moved to California in early 1990. AMCO made several efforts to procure Lamphere's statement and eventually hired personal counsel in California to conduct an examination under oath. The examination was scheduled for June 27, 1990. Lamphere abruptly terminated the examination after only two hours, stating she had to attend a patient under her care. She had not yet complied with AMCO's requests for her personal financial documents. On August 21, 1990, California counsel mailed to AMCO copies of only a part of the requested documents.

Lamphere moved from California to Wisconsin in the fall of 1990 without notifying her attorney or AMCO. In December 1990 AMCO indicated it would no longer conduct a search for her whereabouts and on May 9, 1991, denied Lamphere's claim on the ground that she had materially breached the conditions of her policy.

AMCO filed a declaratory judgment action in July 1991, requesting a declaration that its dwelling policy did not provide Lamphere coverage for the fire. AMCO cited Lam-

phere's failure to fulfill its requests for financial documents. Lamphere filed her answer denying AMCO's claims and filed a counterclaim for first-party bad faith and payment under the policy. On May 15, 1992, Lamphere signed the transcript of her original statement taken under oath in 1990. She did not provide any further sworn testimony until a deposition on June 5, 1992.

Prior to trial, AMCO filed several motions in limine, seeking to exclude as evidence the criminal arson investigation, Lamphere's complicity or noninvolvement in the fire, and any evidence of bad faith unless Lamphere established a prima facie case on her first-party bad faith claim. Lamphere resisted the motions and filed her own motion in limine. She sought to prevent reference to or introduction of the state fire marshall's report on the grounds that the report was hearsay and that she did not have opportunity to examine the author of the report, since AMCO failed to include him as an anticipated trial witness. The district court denied all motions in limine except for AMCO's request to prohibit Lamphere from referring to the criminal arson investigation at trial.

At trial, the district court admitted, over defense counsel's objection, two pages of the state fire marshall's report, but excluded the other pages based on confidentiality. The court also prohibited defense counsel from offering evidence of whether or not Lamphere had been charged with arson. The court also denied Lamphere's request to call the Johnson County attorney to show the investigation report was not complete. The court additionally prohibited Lamphere from introducing further evidence of AMCO's alleged bad faith.

At the close of all the evidence, Lamphere requested a jury instruction on her first-party bad faith claim, affirmative defenses of estoppel and waiver, and punitive damages. The district court denied the first-party bad faith instruction. The jury returned a verdict in favor of AMCO, and the district court entered judgment denying coverage. The district court subsequently denied Lamphere's motion for new trial. Lamphere appealed. Lamphere filed a motion with the supreme court requesting that she be allowed to review the complete fire marshall's report. Pursuant to an order of the supreme court dated July 7, 1994, the case was remanded for the limited purpose of affording Lamphere an opportunity to review the report.

 Our review is for the correction of errors of law. Iowa R.App.P. 4. On evidentiary issues we review for an abuse of discretion. *State v. Halstead*, 362 N.W.2d 504, 506 (Iowa 1985). In order to show an abuse of discretion, one generally must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (citation omitted). We consider each issue raised by Lamphere separately.

## I. Admissibility of Plaintiff's Exhibit 1B.

Lamphere first asserts the district court erred in admitting plaintiff's Exhibit 1B into evidence. She contends the exhibit is irrelevant to AMCO's claim against her and that the document is hearsay. She further contends that insofar as the statement contained in the exhibit was admitted, the full document containing the statement should have been admitted as well. The document at issue is a field investigation report documenting the circumstances surrounding the fire at Lamphere's home. Plaintiff's Exhibit 1B consisted of two pages of this report, including the field investigator's conclusion that "Winfred Leroy Cortimiliga probably set the fire with this being done at the request of Elizabeth Louise Rohner [Lamphere]."

 We first address Lamphere's argument that the statement is hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to *prove the truth of the matter asserted.*" Iowa R.Evid. 801(c) (emphasis added). We find the statement at issue was not offered for the truth of the matter asserted, and thus is not hearsay. We note this case is an insurance coverage dispute predicated on the breach of policy conditions relating to statements under oath and production of docu-

ments. It is not a coverage case based on a defense of arson by the insured. The issue was not whether Lamphere had been responsible for the destruction of her home, but instead was whether AMCO had legitimately denied coverage based on Lamphere's lack of cooperation in providing her statement under oath and relevant documents. AMCO offered the fire marshall's report to show the basis it had for requesting Lamphere's statement under oath, not for the purpose of showing she was an arsonist. As a result, the document is not hearsay for purposes of this case, and the trial judge did not abuse his discretion by admitting it.

■ Lamphere also contends that fairness required the entire document be admitted. She argues that the full text of the report shows a limited basis for the investigator's conclusion and that the jury was entitled to see the alleged flaws in the report. We find the trial judge acted within the scope of his discretion when he refused to admit the full document into evidence. Iowa Rule of Evidence 106(a) provides: "When [a] ... writing ... or part thereof is introduced by a party, any other part ... is admissible when necessary in the interest of fairness, a clear understanding, or an adequate explanation." In this case, a full review of the report was not necessary for a clear understanding, an adequate explanation, or fairness. Because the issue in this case involves Lamphere's compliance with AMCO's requests for information, AMCO needed to show it had a legitimate reason for making those requests. The two pages admitted into evidence provided that reason. The facts providing the basis for that conclusion are not relevant to consideration of whether Lamphere substantially complied with the insurance policy conditions or whether AMCO had acted in good faith in considering her claims. Furthermore, the two pages admitted into evidence were the only pages of the document AMCO had in its possession. They were the only pages AMCO relied on in making its decision to request Lamphere's statement and documents. As a result, we conclude it was not necessary for the trial court to admit the full text of the fire marshall's report into evidence.

## II. Admissibility of Evidence Concerning Arson Prosecution.

■ Lamphere also contends the trial court erred in ordering that she, her counsel, and her witnesses make no reference to the fact that she had not been charged with or prosecuted for arson. The district court determined that evidence concerning any criminal proceedings, or lack thereof, regarding arson allegations was irrelevant. Iowa Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The trial court correctly concluded that the issue was whether Lamphere complied with her obligations under the policy, not whether the cause of the fire was arson. The fact that Lamphere was not prosecuted for arson would not make the existence of any fact that is of consequence any more or less probable.

## III. Plaintiff's First–Party Bad Faith Counterclaim.

■ Lamphere also asserts the trial court erred in not instructing the jury on the issue of first-party bad faith on the part of AMCO. We believe the trial court properly refused to instruct on Lamphere's first-party bad faith claim because Lamphere failed to present substantial evidence regarding the necessary elements of the claim. Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial. *State v. Freeman,* 267 N.W.2d 69, 71 (Iowa 1978). Submission of issues that have no support in the evidence to the jury is error. *W.T. Rawleigh Medical Co. v. Bane,* 181 Iowa 734, 739, 165 N.W. 42, 43–44 (1917); *accord Borough v. Minneapolis & St. L.R. Co.,* 191 Iowa 1216, 1223, 184 N.W. 320, 323 (1921); *see Miller v. International Harvester Co.,* 246 N.W.2d 298, 301 (Iowa 1976). Conversely, failure to submit issues that are supported by substantial evidence also is error. *See Borough,* 191 Iowa at 1223, 184 N.W. at 323; *see also Miller,* 246 N.W.2d at 301.

To recover on a first-party bad faith claim, the insured bears the burden of proving (1) there was no reasonable basis for the insurer to deny coverage and (2) the insurer knew or should have known such denial is without basis. *Stahl v. Preston Mut. Ins. Ass'n*, 517 N.W.2d 201, 203 (Iowa 1994). When a claim is "reasonably debatable" the insurer is free to debate it, and the bad-faith claim fails. *Clark–Peterson v. Independent Ins. Assoc.*, 514 N.W.2d 912, 914 (Iowa 1994). This determination is made by the court as a matter of law. *Wetherbee v. Economy Fire & Cas. Co.*, 508 N.W.2d 657, 662 (Iowa 1993).

At trial Lamphere provided no evidence that AMCO lacked an objectively reasonable basis to deny coverage as a result of her failure to comply with the conditions of the policy. The evidence showed that while AMCO tried on several occasions to procure Lamphere's statement under oath, Lamphere was uncooperative and difficult with regard to the statement and the production of requested documents. Lamphere's lack of cooperation provided an objectively reasonable basis for denial of coverage. Accordingly, there was insufficient evidence showing AMCO lacked a reasonable basis for denying Lamphere's claim.

Even if we were to find otherwise, Lamphere has failed to offer sufficient evidence to establish the subjective element of a first-party bad faith claim. Lamphere was unable to identify any evidence that AMCO knew or should have known it lacked any support for its decision to deny coverage.

## IV. Sufficiency of the Evidence.

Finally, we find there is substantial evidence in the record to support the jury's verdict in AMCO's favor. Evidence is substantial or sufficient when a reasonable mind could accept it as adequate to reach the same findings. *Waukon Auto Supply v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989) (citation omitted). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reins. Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988) (citation omitted). We find sufficient evidence in the record to conclude Lamphere did not comply with her policy terms. Lamphere's policy required her to provide AMCO with requested documents and submit to an examination under oath. The record shows AMCO diligently sought Lamphere's cooperation after the July 1989 fire, trying for several months to obtain her statement. When Lamphere finally cooperated and agreed to an examination under oath, she prematurely terminated the examination and did not sign her statement until nearly two years had passed. The record also shows Lamphere refused to provide documents requested by AMCO which also violated the terms of the policy. The record supports the jury's finding Lamphere failed to comply with her policy requirements.

We have carefully considered all of Lamphere's arguments and find them to be either covered by this opinion or without merit. We find the trial judge did not abuse his discretion in admitting plaintiff's Exhibit 1B into evidence and refusing to admit the fire marshall's report in its entirety. We also find the trial judge did not err in prohibiting Lamphere from mentioning the criminal arson charges at trial. We further find the trial court did not err in not instructing the jury regarding Lamphere's first-party bad faith counterclaim. Finally, we find substantial evidence in the record to support the jury's verdict in AMCO's favor. The decision of the district court is affirmed in its entirety.

**AFFIRMED.**